IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON PATRICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 3658 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Ronald A. Guzman |
| ) | |
| Defendants. ) | Magistrate Judge Jeffrey Cole |

### REPLY IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO COMPEL RESPONSES TO CERTAIN DISCOVERY

Defendant, the City of Chicago ("City"), by its attorneys, and the individual defendant police officers, by their attorneys, for their reply in support of their motion to compel plaintiff Dean Patrick and attorney John Theis to answer deposition questions, and to compel the production of certain documents withheld by plaintiff Deon Patrick's attorneys, state:

Plaintiff does not dispute he waived the attorney client privilege and work product by his publicly filed statements in his 1999 post conviction proceedings. (Dkt 124, plaintiff's response at 9). Plaintiff of course cannot dispute this conclusion because black letter law establishes that the privilege is waived by testifying or publicly disclosing the otherwise privileged information. (See Dkt 95, Defendants' Motion to Compel at 3).

Plaintiff instead asks this Court to limit his waiver to the state post-conviction proceeding in which the waiver was first made 16 years ago. In so doing, plaintiff seeks to radically expand the court's reasoning in *Bittaker* well outside its federal habeas context. *Bittaker* is inapplicable here for multiple reasons, including because (1) this is a civil case filed by plaintiff for money damages, (2) the waiver in this case occurred 16 years ago in a state court post-conviction proceeding by way of publicly filed affidavits, not in a federal habeas proceeding, and (3) Mr.

Patrick did not seek any protective order relative to his waiver in the state court at any time nor has a protective order ever been entered.

As plaintiff's discussion of the case demonstrates, *Bittaker* addressed a federal habeas proceeding where the district court entered a protective order before the criminal defendant therein was questioned by the prosecutor. The Court's rationale in upholding a protective order was to prevent the prosecution's use of the waived privileged communications at Bittaker's criminal retrial (if any). There isn't going to be any criminal retrial here as the criminal proceedings are over. This is a civil case plaintiff voluntarily instituted himself to seek money damages against the defendants. *See Caldwell v. City of San Francisco*, 2015 U.S. Dist. LEXIS 35232 (N.D. Cal. 2015)(explaining *Bittaker* involved criminal re-prosecution and thus its holding is grounded in constitutional concerns, which are less relevant where the plaintiff seeks to hold defendants liable in a civil suit pursuant to § 1983). Courts in the Ninth Circuit following *Bittaker* have found that "plaintiffs [in civil cases] may preserve the confidentially of the privileged communications by choosing to abandon the claim that implicates them." *Cannon v. Polk County*, 2013 U.S. Dist. LEXIS 63145 (D. Or 2013)(holding that filing of a civil *Brady* claim impliedly waived the attorney client privilege and work product over communications between plaintiff and his criminal defense attorney). Similarly, plaintiff herein can protect the communications by abandoning the claims in this civil lawsuit. It is his choice to pursue these claims, but by doing so he cannot withhold the requested relevant information from defendants.

In addition, the express waiver in this case occurred 16 years ago in a state court post-conviction proceeding. Plaintiff has done nothing since that time to claw back his intentional waiver of the privilege. The cases cited by plaintiff arise in federal habeas proceedings. Plaintiff does not cite a single case in Illinois or elsewhere holding that the filing of affidavits disclosing

2

attorney client communications in a state post-conviction proceeding does not result in a waiver of the privilege in a later civil proceeding. And, none of the rationale expressed in *Bittaker* supports extending the holding as plaintiff suggests. There is no danger of using the information against plaintiff to put him in prison in a criminal proceeding because double jeopardy precludes another criminal proceeding.

Plaintiff suggests that criminal attorneys will be chilled in providing legal advice in the event they knew communications with their clients could be revealed in later civil proceedings. (Dkt 124 at 9-10). Plaintiff acknowledges, however, that the defendants' motion presents a legal question "that has rarely been addressed because most convicted criminal defendants who raise IAC claims are not able to overturn their convictions" and then sue law enforcement. (Dkt 124 at 11). The notion that a criminal defense attorney in a murder case has a civil lawsuit on his or her mind when providing legal advice is unsupported and illogical, as the criminal defense attorney's task is to defend his client from the allegations against him in that criminal proceeding. There certainly isn't any evidence John Theis was contemplating some civil action during his representation of plaintiff for the Lassiter/Haugabook murders or that his legal advice was chilled in any way. Furthermore, the rationale of *Bittaker*, as further explained by *Cannon*, that the civil plaintiff has the choice of not filing a civil lawsuit or pursuing any particular claim undercuts the validity of plaintiff's argument. Defendants have a compelling need for the information in the exclusive possession of plaintiff, Mr. Theis, and the withheld documents. There is no rational, logical, or fair basis to allow plaintiff to continue to withhold the information and documents under these circumstances.

This case is also vastly different from *Bittaker* because plaintiff did not seek a protective order in 1999 or at any other time during the many years his post-conviction proceedings were

pending. Plaintiff was represented in his post-conviction proceedings by Kathleen Zellner beginning in about 2003, and then by the Valorem Law Group beginning in about 2013. At no time did those attorneys disavow the express privilege waiver made by Mr. Patrick or seek a protective order to limit the waiver. Plaintiff does not explain how a protective order could be retroactively imposed upon plaintiff's state court criminal proceedings from the 1990s to 2013 when no protective order was entered in the state court at any time. There is simply no basis in law or fact to extend the *Bittaker* case to the present civil case. Plaintiff expressly waived the attorney client privilege and work product over the topics identified in defendants' motion to compel.

Moreover, the conversations plaintiff voluntarily disclosed are not privileged pursuant to Federal Rule of Evidence 502. Under Rule 502, when the disclosure of a communication covered by the attorney-privilege "is made in a state proceeding and is not the subject of a state-court order concerning waiver, the disclosure does not operate as a waiver in a federal proceeding if the disclosure: (1) would not be a waiver under this rule if it had been made in a federal proceeding; or (2) is not a waiver under the law of the state where the disclosure occurred." Here, it is undisputed plaintiff's voluntary disclosures of his conversations with his attorney were not the subject of a state-court order concerning the waiver. Plaintiff's disclosures would constitute a waiver in federal court. Additionally, defendants are aware of no Illinois law limiting the waiver made by plaintiff, and plaintiff cites none. The Illinois Post-Conviction Hearing Act contains no language limiting waivers of the attorney-client privilege.

As for the withheld documents, plaintiff does not oppose defendants' request for this Court to conduct an *in camera* review of the documents on the privilege log. As this Court and others have observed, an in camera review "is always desirable and often essential to an

4

informed judgment on privilege claims…" (Dkt 127 at 7). As stated in their motion, defendants therefore request plaintiff to submit the documents on the privilege log to this Court for *in camera* review so that those documents relating to the waived topics be produced to the defendants consistent with plaintiff's waiver and the principles explained by this court at pages 9-11 of its July 1, 2015 Memorandum Opinion and Order dealing with core work product and the need for such material.

     Finally, plaintiff relegates to a footnote an argument unsupported by authority that the motion should be denied because the defendants did not file it until a few months after the completion of Mr. Theis's deposition which was taken February 19, 2015. This argument is not supported by any legal authority because it is without merit. Defendants filed the motion before the close of discovery, and there is no federal rule or case law requiring it to have been filed earlier. Defendants also put plaintiff on notice of their intent to file the motion at least as early as April 29, 2015, and followed up in writing on April 30, 2015. Defendants were hopeful plaintiff would cease in his opposition to their position the privilege had been waived, but had to prepare and file the motion on May 18, 2015 as plaintiff maintained his unwarranted position. Plaintiff's police practices expert report wasn't submitted until about a month later (June 16, 2015), so it is impossible to suggest that report was submitted without the possibility of this additional discovery in mind. Moreover, it is surprising plaintiff is bringing the timing of the filing of the motion to the Court's attention in light of plaintiff's discovery history with respect to Mr. Theis's file. Plaintiff's counsel was in possession of Mr. Theis' file since the beginning of this litigation. Despite defendants request for production dated September 12, 2014, plaintiff's counsel did not produce Theis' file until February 2015. Defendants were unaware plaintiff had Mr. Theis' file, and were unaware allegedly privileged documents were being withheld, until February 10, 2015.

5

Plaintiff unilaterally kept that information to himself during most of the discovery period. It was unfortunate for plaintiff to have withheld those crucial documents throughout months of discovery and plaintiff certainly should not be able to capitalize on that circumstance now in opposition to the defendants' motion to compel.

WHEREFORE, Defendants request this Court compel Deon Patrick and John Theis to return for deposition to answer the questions identified herein and any reasonable and appropriate follow-up questions, for plaintiff Deon Patrick to produce certain documents withheld as privileged, and for any other relief this Court deems appropriate or just.

Respectfully submitted,

By: s/ Daniel M. Noland
One of the Attorneys for Defendant,
City of Chicago

By: s/ Steven B. Borkan
One of the Attorneys for Defendants,
Anthony Villardita, Thomas Johnson, Brian Killacky, Terry O'Connor, Rick Abreu, Sean Glinski, and Michael Berti

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dykema Gossett PLLC
10 South Wacker, Suite 2300
Chicago, Illinois 60606

Steven B. Borkan
Timothy P Scahill
Graham P. Miller
Misha Itchhaporia
Borkan & Scahill, Ltd.
20 South Clark St., Suite 1700
Chicago, IL 60603

## CERTIFICATE OF SERVICE

I hereby certify that on **July 8, 2015**, I electronically filed the foregoing **Defendants' Reply in support of Motion to Compel Responses to Certain Discovery** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

**Attorneys for Plaintiff**
Stuart J. Chanen
Nicole N. Auerbach
Sharon Hower
Natalie Jenkins
Valorem Law Group LLC
35 East Wacker Drive
Suite 3000
Chicago, IL 60601
(312) 676-5460

**Attorneys for Defendants County of Cook, Martin Fogarty, and Joseph Magats**
Lisa M. Meador
Thomas E. Nowinski
Cook County State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3369

**Attorneys for Defendants Anthony Villardita, Thomas Johnson, Rick Abreu, Terry O'Connor, Brian Kilacky, Michael Berti and Sean Glinski**
Steven B. Borkan
Timothy P Scahill
Graham P. Miller
Misha Itchhaporia
Whitney N. Hutchinson
Borkan & Scahill, Ltd.
20 South Clark Street
Suite 1700
Chicago, IL 60603
(312) 580-1030

s/ Daniel M. Noland