IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DEON PATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 3658 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DEON PATRICK'S EMERGENCY
MOTION FOR LEAVE TO FILE OVERSIZED BRIEF**

Plaintiff Deon Patrick respectfully seeks leave to file a single oversized brief in opposition to the Defendants' motions for summary judgment [Dkts. 141, 143, 148]. In support of this motion, Patrick states as follows:

1. On August 17, 2015, the Officer Defendants and the ASA Defendants filed *instanter* motions seeking leave to file 25- and 21-page briefs respectively. The City of Chicago adopted the Officer Defendants' brief.

2. This Court granted the motions, and granted Plaintiff leave to respond in 25- and 21-page opposition briefs. [Dkt. 154]

3. Because the factual and legal issues related to the Officer and ASA Defendants are closely intertwined, Plaintiff seeks leave to file a consolidated brief instead of two separate briefs, which would have led to legal and factual repetition. In addition, Plaintiff requests 10 additional pages to respond to Defendants' arguments. The extra pages are needed because with respect to several of Defendants' factual and legal arguments, Defendants will assert a simple proposition, such as "there is no evidence to support" or "no such case has held," and it takes far more than ¼ of one line to respond – indeed, it takes several pages – to provide such "extensive evidence" or "the numerous cases that have so held." In further support of this motion, Plaintiff

1

provides the outline of his brief here:

**TABLE OF CONTENTS**

**THE FACTS TO BE PRESENTED AT TRIAL**
    1.     The Murders, the Faye McCoy Interview, and the Dennis Mixon Lead
    2.     The Coerced and Fabricated Confessions
    3.     The ASA's Role in the Coerced and Fabricated Confessions
    4.     The Fabricated McCoy Report
    5.     The Taylor Alibi
    6.     The Fabricated Taylor Evidence
    7.     The Withheld Taylor Alibi Evidence
    8.     Patrick's Trial
    9.     Patrick's Exoneration and Innocence

**ARGUMENT**

**I.   THIS COURT SHOULD DENY SUMMARY JUDGMENT ON PATRICK'S COUNT II FABRICATION OF EVIDENCE CLAIM.**

    A.  The Defendants Caused Evidence To Be Fabricated

    B.  The Fabricated Evidence Was Used to Deprive Patrick of His Liberty.

        1.  Defendants do not contest that Patrick's confession, if fabricated, deprived him of liberty.

        2.  Defendants are wrong that fabricated evidence must be introduced at trial in order to affect one's liberty in some way.

        3.  The fabricated report regarding Faye McCoy and the lineup deprived Patrick of liberty.

**II.  THIS COURT SHOULD DENY SUMMARY JUDGMENT ON PATRICK'S COUNT III *BRADY* CLAIM**

    A.  The Withheld *Brady* Evidence Was Exculpatory.

    B.  The State Willfully or Inadvertently Suppressed Exculpatory Evidence From Patrick and His Counsel; If, However, A Dispute Exists Over This Fact, It Is A Dispute That Must Be Resolved By The Jury.

        1.  The State failed to disclose the evidence.

        2.  Defendants identify no "reasonable diligence" that would have uncovered the Withheld *Brady* Evidence.

       3. The mere possession of some of the withheld evidence by *any* prosecutor does not "discharge" a police officer of his duty to ensure that exculpatory evidence gets turned over to the "competent authority," the one charged with producing the evidence to the defense.

       4. Intent is not an element of a *Brady* Claim in this Circuit.

   C. The Withheld Taylor Alibi Evidence Was Material To Patrick's Defense.

       1. There is a "reasonable probability" that the Withheld Taylor Alibi Evidence affected the result and that prejudice ensued.

       2. The Withheld Taylor Alibi Evidence was not cumulative.

**III. THE DEFENDANT OFFICERS ARE NOT QUALIFIEDLY IMMUNE FROM LIABILITY ON PATRICK'S *BRADY* CLAIM.**

**IV. THIS COURT SHOULD DENY SUMMARY JUDGMENT ON PATRICK'S COUNT IV FAILURE TO INTEREVENE CLAIM.**

**V. THE ASA DEFENDANTS ARE NOT ABSOLUTELY IMMUNE FROM LIABIILY ON ANY OF THE COUNTS AGAINST THEM.**

**VI. THERE IS AMPLE EVIDENCE OF COERCION BY ASA MAGATS.**

**VII. BOTH ASAs ARE LIABLE FOR FABRICATING PATRICK'S FALSE CONFESSION.**

   A. There is Evidence that the ASA Defendants Knew Patrick's Confession Was False.

   B. ASA Fogarty Is Liable for Fabricating Evidence Despite Not Interacting With Patrick.

**VII. THE ASA DEFENDANTS ARE NOT QUALIFIEDLY IMMUNE FROM LIABILITY ON PATRICK'S COUNT IV FAILURE TO INTERVENE CLAIM.**

**VIII. THIS COURT SHOULD DENY SUMMARY JUDGMENT ON PATRICK'S COUNT IX MALICIOUS PROSECUTION CLAIM AGAINST THE ASAs.**

**IX. THIS COURT SHOULD DENY SUMMARY JUDGMENT ON PATRICK'S COUNT V and XI CONSPIRACY CLAIMS.**

Plaintiff has worked diligently to limit the number of pages necessary to make thorough, effective, and concise responses to Defendants' numerous legal and factual arguments.

WHEREFORE, Plaintiff seeks leave to file a single, consolidated response brief of 56 pages.

Dated: September 16, 2015

                                                           Respectfully submitted,
                                                           *Deon Patrick, Plaintiff*

                                                           /s/ Stuart J. Chanen

Stuart J. Chanen
Nicole Nehama Auerbach
Daniel Wucherer
VALOREM LAW GROUP
35 East Wacker Drive, Suite 3000
Chicago, IL 60601
(312) 676-5460
Nicole.auerbach@valoremlaw.com
Stuart.chanen@valoremlaw.com
Daniel.wucherer@valoremlaw.com