**Schedule H2**

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS – with Defendants' Objections**

**NO. 1 – FUNCTIONS OF THE COURT AND THE JURY**

**NO. 3 – WHAT IS EVIDENCE**

**NO. 7 – DIRECT & CIRCUMSTANTIAL EVIDENCE**

**NO. 8 – TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

**NO. 10 – EXPERT WITNESSES**

**NO. 11 – [RESERVED]**

**NO. 12 – NUMBER OF WITNESSES AND ABSENCE OF EVIDENCE**

**NO. 13 – THE PARTIES**

**NO. 14 – THE CLAIMS**

**NO. 15 – PREPONDERANCE OF THE EVIDENCE STANDARD**

**NO. 16 – COERCED CONFESSION CLAIM**

**NO. 17 – FABRICATION OF EVIDENCE CLAIM**

**NO. 18 – FAILURE TO INTERVENE CLAIM**

**NO. 19 – FEDERAL CONSPIRACY CLAIM**

**NO. 20 – MALICIOUS PROSECUTION CLAIM**

**NO. 21 – STATE CONSPIRACY CLAIM**

**NO. 22 – SPOLIATION/DESTRUCTION OF EVIDENCE:  OFFICER DEFENDANTS**

**NO. 23 – SPOLIATION/DESTRUCTION OF EVIDENCE:  CITY OF CHICAGO**

**NO. 24 – DAMAGES: PREFATORY INSTRUCTION**

**NO. 25 – DAMAGES: COMPENSATORY**

**NO. 26 – DAMAGES: PUNITIVE**

**NO. 27 – FINAL INSTRUCTIONS**

**NO. 28 – THE VERDICT**

**JOINT INSTRUCTION NO. 1 – YOUR DUTIES AS JURORS**

Members of the jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys.  Now I will instruct you on the law.  [*First sentence is modified from Pattern Instruction 1.01 to account for instruction being read before closing arguments rather than after.*]

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.  [*last sentence was used in Fields.*]

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.  [*last sentence was used in Fields and modified slightly from pattern.*]

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

To the extent that these instructions differ from the instructions that I read to you at the beginning of the case, the instructions that I am giving you now are the ones that govern your consideration of this case.  [*this sentence was used in Fields.*]

**Authority:**

Seventh Circuit Pattern Civil Jury Instruction 1.01 (modified)

Also used in:

Fields v. City of Chicago, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014).

_____ Given
_____ Rejected
_____ Withdrawn
__x___ Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

## JOINT INSTRUCTION NO. 3 – WHAT IS EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the parties' stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a witness would have testified in a particular way. You must treat those facts in a stipulation as having been proved for purpose of this case. [Assumes stipulation] [*last sentence was used in Jimenez.*]

I have taken judicial notice of certain facts. You must accept those facts as proved. [Assumes court took judicial notice of some facts]

Certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it if the witnesses had appeared and testified here in court. [Assumes depositions read or video shown] [*slightly changed from wording in PI 1.05; this is what was used in Jimenez.*]

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.


**Authority:**

Seventh Circuit Pattern Civil Jury Instructions 1.04, 1.05, and 1.08 (modified).

Also used in:

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012).


\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_x\_\_ Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

**JOINT INSTRUCTION NO. 7 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and it was raining." Circumstantial evidence that it is currently raining is the observation of someone entering a room carrying a wet umbrella. Circumstantial evidence that it recently rained is walking outside and seeing puddles on the ground. [*last sentence was used in Scott case.*]

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case. [*this paragraph is reworded from the language in PI 1.12, and is what was used in the Fields and Jimenez cases.*]


**Authority:**

Seventh Circuit Pattern Civil Jury Instruction 1.12 (modified).

Also used in:

>   *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
>   *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)
>   *Scott v. City of Chicago*, No. 07-cv-3684 (N.D. Ill. Dec. 15, 2010).


_____ Given
_____ Rejected
_____ Withdrawn
__x___ Objected To


**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

## JOINT INSTRUCTION NO. 8 –
## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness. [*this last bullet isn't in PI 1.13, but was used in Fields and Jimenez.*]

**Authority:**

Seventh Circuit Pattern Civil Jury Instruction 1.15 (modified).

Also used in:

  *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
  *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_x\_\_ Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

## JOINT INSTRUCTION NO. 10 – EXPERT WITNESSES

You have heard witnesses give opinions about certain subjects involving special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. You do not have to accept these witnesses' opinions. In deciding how much weight to give to this testimony, you should consider the witnesses' qualifications, how they reached their opinions, and the factors I have described for determining the believability of testimony.

**Authority:**

Seventh Circuit Pattern Civil Jury Instruction 1.21 (modified).

Also used in:

*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

**Note:** There's some extra language in this instruction that isn't in PI 1.21, but was used in the *Fields* and *Jimenez* cases.

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_x\_\_\_ Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

**JOINT INSTRUCTION NO. 11**
**[RESERVED]**

**JOINT INSTRUCTION NO. 12**
**NUMBER OF WITNESSES AND ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

**Authority:**

Seventh Circuit Pattern Civil Jury Instructions 1.17 and 1.18.

Also used in:
> *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
> *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

_____ Given
_____ Rejected
_____ Withdrawn
__X____ Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used.**

## JOINT INSTRUCTION NO. 13 – THE PARTIES

The plaintiff in this case is Deon Patrick.  I will refer to him as the plaintiff.

The Defendants in this case are the City of Chicago, current or former Chicago Police Officers Rick Abreu, Michael Berti, Sean Glinski, Brian Killacky, Terry O'Connor, Thomas Johnson, and Anthony Villardita, and current or former Cook County Assistant States Attorneys Martin Fogarty and Joseph Magats.

I will refer in these instructions to the defendants Abreu, Berti, Glinski, Killacky, O'Connot, Johnson and Villardita, as the Officer Defendants.

I will refer in these instructions to defendants Magats and Fogarty as the Prosecutor Defendants.

I will refer to defendant City of Chicago as the City Defendant.

**Authority:**

*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

\_\_\_\_\_  Given
\_\_\_\_\_  Rejected
\_\_\_\_\_  Withdrawn
\_\_\_X\_\_  Objected To

**Defendants' Objection: Defendants object to inclusion of the City as a named party insofar as there are no substantive claims against the City of Chicago.**

## JOINT INSTRUCTION NO. 14 – THE CLAIMS

The plaintiff has six claims against the Officer Defendants.  The plaintiff claims that the Officer Defendants:

>    (1) coerced his confession in violation of his Fifth and Fourteenth Amendment rights;
>    (2) fabricated evidence against him in violation of his Fifth and Fourteenth Amendment rights;
>    (3) failed to intervene to stop a violation of his constitutional rights;
>    (4) conspired with each other and/or others to engage in 1, 2, or 3 above;
>    (5) maliciously caused him to be prosecuted for murder; and
>    (6) conspired with each other and/or others to engage in 5 above.

Each Officer Defendant denies each of these claims.

The plaintiff has five claims against the Prosecutor Defendants:  The plaintiff claims that they:

>    (1) coerced his confession in violation of his Fifth and Fourteenth Amendment rights;
>    (2) fabricated evidence against him in violation of his Fifth and Fourteenth Amendment rights;
>    (3) conspired with each other and/or others to engage in 1 or 2 above;
>    (4) maliciously caused him to be prosecuted for murder; and
>    (5) conspired with each other and/or others to engage in 4 above.

Each Prosecutor Defendant denies each of these claims.

The plaintiff has four claims against the City of Chicago.  The plaintiff claims that it:

>    (1) coerced his confession in violation of his Fifth and Fourteenth Amendment rights;
>    (2) maliciously caused him to be prosecuted for murder; and
>    (3) is legally responsible for the conduct of its police officers.

You must give separate consideration to each claim and to each defendant.

**Authority:**
> *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
> *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_X\_\_\_ Objected To

**Defendants' Objection: Defendants object to this instruction insofar as it incorrectly states the pending claims at issue insofar as it lists claims against the City of Chicago. See Pl.'s Compl.; see Def.'s Instr. No. 23**

**JONT INSTRUCTION NO. 15 –**
**PREPONDERANCE OF THE EVIDENCE STANDARD**

In these instructions, I will use the term "preponderance of the evidence." When I say that the plaintiff has to prove something by a preponderance of the evidence, I mean that he must prove that the particular proposition is more likely true than not true.

**<u>Authority:</u>**

Seventh Circuit Pattern Civil Jury Instruction 1.27 (Modified)

Also used in:

>   *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)
>   *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)

**Note:** This language is slightly modified from what appears in PI 1.27, but was used in both Fields and Jimenez.

\_\_\_\_\_  Given
\_\_\_\_\_  Rejected
\_\_\_\_\_  Withdrawn
\_\_\_X\_\_  Objected To

**Defendants' Objection: This is a non-pattern instruction. The pattern instruction should be used per Local Rule 16.1.**

**PLAINTIFF'S INSTRUCTION NO. 16 – COERCED CONFESSION CLAIM**

Plaintiff claims that each of the Defendants violated his right against self-incrimination under the Fifth Amendment to the United States Constitution. To succeed on this claim against any of these defendants, Plaintiff must prove the following things by a preponderance of the evidence:

1. Defendant participated in coercing the plaintiff to provide a self-incriminating statement; and
2. The self-incriminating statement was used in a criminal proceeding.

To find that a self-incriminating statement was obtained through unconstitutional coercion, you must conclude that (1) psychological intimidation, (2) deprivation of food and sleep, (3) deceptive interrogation tactics, and/or (4) physical abuse were used to overcome the detainee's free will and produce a statement that was not the product of the detainee's free will.

Some factors that may be relevant to whether the Plaintiff was unconstitutionally coerced into providing a self-incriminating statement are:

- The Plaintiff's age at the time of his interrogation
- The Plaintiff's education and intelligence level at the time of his interrogation
- The Plaintiff's mental state at the time of his interrogation
- The length of the Plaintiff's interrogation
- The conduct and tactics used by the Officer Defendants during the interrogation
- Whether Plaintiff was deprived of food or sleep during the interrogation, and
- Whether Plaintiff was advised of his constitutional rights

If you find that the Plaintiff has proved this claim by a preponderance of the evidence as to any of the Defendants, then you should find for the Plaintiff and against that defendant on this claim.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any Defendant, then you should find for the Defendants.

**Authority:**

- *Scott v. City of Chicago*, No. 07-cv-3684 (N.D. Ill. Dec. 15, 2010)
- *United States v. Montgomery*, 555 F.3d 623, 631-32 (7th Cir. 2009)
- *United States v. Dillon*, 150 F.3d 754, 757 (7th Cir. 1998)
- [there is no pattern instruction for this type of claim]

_____ Given
_____ Rejected
_____ Withdrawn
__X___ Objected To

**Defendants' Objection: This statement both misstates the elements of this claim, misstates the allegations in Plaintiff's Complaint, and omits necessary information for the jury to understand such a claim.** *See* **Def.'s Proposed Instr. No. This instruction also impermissibly, incorrectly and incompletely includes specific factors to be taken into account to determine voluntariness of a confession. Sev. Cir. Patt. Crim. Jury Instr. § 3.09, comments (noting that specific factors regarding the voluntariness of confessions "should not be set forth in the instruction, but, rather, should be left to argument by counsel. Inclusion of all possible subjects of consideration in a general instruction might result in the inclusion of irrelevant factors in many cases, while recitation of only few common factors might cause undue emphasis on those particular factors.");** *see also* **18 U.S.C. § 3501. Defendants' Instructions Nos. 29-30 properly set forth the law and elements on this claim. See Def.'s Instr. Nos. 29-30 (citing authority)**

### PLAINTIFF'S INSTRUCTION NO. 17 – FABRICATION OF EVIDENCE

Plaintiff claims that each of the Officer Defendants and both of the Prosecutor Defendants violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by fabricating evidence against him. To succeed on this claim against any of these defendants, Plaintiff must prove the following things by a preponderance of the evidence:

1. The Officer Defendant or Prosecutor Defendant fabricated evidence they knew to be false; and
2. That evidence was used to deprive the Plaintiff of his liberty in some way.

To find that fabricated evidence was used to deprive the Plaintiff of his liberty in some way, you need not find that the evidence was admitted against the Plaintiff in his criminal trial. Instead, you must determine by a preponderance of the evidence whether the creation of the fabricated evidence caused the Plaintiff to be deprived of his liberty.

If you find that the Plaintiff has proved this claim as to any of the Officer Defendants by a preponderance of the evidence, then you should find for the Plaintiff and against that defendant and the City of Chicago on this claim, and go on to consider the question of damages.

Similarly, if you find that Plaintiff has proved this claim as to any of the Prosecutor Defendants by a preponderance of the evidence, then you should find for the Plaintiff and against the Prosecutor Defendant on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any of the Officer or Prosecutor Defendants, then you should find for the Defendants and not consider the question of damages.


**<u>Authority:</u>**

- *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012)
- *Armstrong v. Daily*, 786 F.3d 529 (7th Cir. 2015)
- *Patrick v. City of Chicago*, --- F. Supp. 3d ----, 2016 WL 5792309 (N.D. Ill. Oct. 4, 2016) (this court's summary judgment decision)
- No. 07-cv-3684 (N.D. Ill. Dec. 15, 2010)
  [there is no pattern instruction for this type of claim]


\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_X\_\_ Objected To


**Defendants' Objection: Plaintiff's Instruction misstates the law and omits required elements of this claim. Moreover, there is a Proposed Seventh Circuit Pattern Instruction**

**on this claim which should be used in this case. See Seventh Circuit Proposed Revised § 1983 Instructions 7.14.**

## PLAINTIFF'S INSTRUCTION NO. 18 – FAILURE TO INTERVENE

Plaintiff claims that each of the Officer Defendants failed to intervene to prevent the violation of his constitutional rights.

To succeed on this claim against any of these defendants, Plaintiff must prove the following things as to that defendant by a preponderance of the evidence:

1. One or more of the Officer Defendants or Prosecutor Defendants unconstitutionally coerced the plaintiff into providing a self-incriminating statement, or fabricated evidence against the plaintiff;;

2. One or more of the Officer Defendants knew that another Officer Defendant or Prosecutor Defendant was about to unconstitutionally coerce the plaintiff into providing a self-incriminating statement or fabricate evidence against the plaintiff;

3. That Officer Defendant had a realistic opportunity to do something to prevent harm from occurring;

4. That Officer Defendant failed to take reasonable steps to prevent harm from occurring; and

5. The Officer Defendant's failure to act caused Plaintiff to suffer harm;

If you find that Plaintiff has proved each of these things as to any of the Officer Defendants by a preponderance of the evidence, then you should find for Plaintiff and against that defendant and the City of Chicago on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against any of the Officer Defendants, then you should find for the Officer Defendants, and not consider the question of damages.

**Authority:**

- Seventh Circuit Pattern Civil Jury Instruction 7.16 (modified to account for specific claims in this case)
- *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477-478 (7th Cir. 1997)
- *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)

_____ Given
_____ Rejected
_____ Withdrawn
___X__ Objected To

**Defendants' Objection: Plaintiff's Instruction misstates the law insofar as it implies that named defendants may be found liable for the failure of others to act. Moreover, there is a Proposed Seventh Circuit Pattern Instruction on this claim which should be used in this case. See Seventh Circuit Proposed Revised § 1983 Instructions 7.22.**

**PLAINTIFF'S INSTRUCTION NO. 19 – FEDERAL CONSPIRACY**

Plaintiff claims that each of the Officer Defendants and both of the Prosecutor Defendants conspired with [each other and] others to violate his right against self-incrimination under the Fifth Amendment to the United States Constitution.

Plaintiff also claims that each of the Officer Defendants and both of the Prosecutor Defendants conspired with [each other and] others to violate his right to due process by fabricating evidence that was used to deprive Plaintiff of liberty.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim against any of these defendants, Plaintiff must prove the following things as to that defendant by a preponderance of the evidence:

1. The conspiracy as I have described it existed.  That is, Plaintiff must prove there was an agreement between two or more persons to :
   a.  coerce Plaintiff into providing a self-incriminating statement; or
   b.  fabricate evidence that was used to deprive Plaintiff of liberty.

   Plaintiff must prove that the participants shared this common purpose.  He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details.  He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, Plaintiff was damaged.

If you find that Plaintiff has proved this claim as to any defendant by a preponderance of the evidence, then you should find for Plaintiff and against that defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any of the Officer or Prosecutor Defendants, then you should find for the Defendants and not consider the question of damages.

**<u>Authority:</u>**
> *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012).
> *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)


\_\_\_\_\_  Given
\_\_\_\_\_  Rejected
\_\_\_\_\_  Withdrawn
\_\_\_X\_\_  Objected To

**Defendants' Objection: Defendant objects to the reference to unnamed co-conspirators as well as to Plaintiff's characterization of the conspiracy insofar as it conflicts with the allegations in his complaint. Defendants also object insofar as this instruction is incomplete.**

**PLAINTIFF'S INSTRUCTION NO. 20 – MALICIOUS PROSECUTION**

Plaintiff claims that each Defendant caused him to be maliciously prosecuted. To succeed on this claim against any Defendant, Plaintiff must prove each of the following things as to that defendant by a preponderance of the evidence:

1. The defendant participated in commencing or continuing a criminal proceeding against the Plaintiff. To "commence" a criminal proceeding, it is not required that the defendant have signed a complaint against the Plaintiff. Instead, a defendant is considered to have "commenced" criminal proceedings if he played a significant role in causing the prosecution of plaintiff, or if his participation was so active and positive in character as to amount to advice and cooperation.

2. There was no probable cause for the criminal proceeding at the time the Plaintiff was charged. Probable cause existed if, based on the evidence known at the time, a reasonably prudent person would have believed the Plaintiff had committed the crime that was charged.

3. The defendant acted with malice. A person acts with malice in commencing or continuing a criminal prosecution if he acts for any reason other than to bring another person to justice. You may infer that a person acted with malice if the absence of probable cause is proven and the circumstances are inconsistent with actions made in good faith.

4. The criminal proceedings were terminated in Plaintiff's favor in a manner indicative of his innocence.

5. Plaintiff suffered damages as a result of the defendant's actions.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence as to any defendant, then you should find for Plaintiff and against that defendant and go on to consider the question of damages on this claim.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any Defendant, then you should find for the Defendants and not consider the question of damages on this claim.

**Authority:**
- *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012)
- *Scott v. City of Chicago*, No. 07-cv-3684 (N.D. Ill. Dec. 15, 2010)
- *Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011)

_____ Given
_____ Rejected
_____ Withdrawn
___X__ Objected To

**Defendants' Objection: This Instruction is incomplete, confusing, and fails to fully define the relevant terminology. See Def.'s Instruct. Nos. 37-40 (citing authority).**

## PLAINTIFF'S INSTRUCTION NO. 21 – STATE CONSPIRACY CLAIM

Plaintiff claims that each of the Officer Defendants and both of the Prosecutor Defendants conspired with [each other and] others to maliciously prosecute him.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim against any of these defendants, Plaintiff must prove the following things as to that defendant by a preponderance of the evidence:

1. The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to maliciously prosecute him for murder. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, Plaintiff was damaged.

If you find that Plaintiff has proved this claim as to any defendant by a preponderance of the evidence, then you should find for Plaintiff and against that defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any of the Officer or Prosecutor Defendants, then you should find for the Defendants and not consider the question of damages.


**Authority:**

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012).
*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)


_____ Given
_____ Rejected
_____ Withdrawn
___X__ Objected To

**Defendants' Objection: Defendant objects to this Instruction insofar as it implies that a partiuclar defendant may be found liable without knowingly becoming a member of such conspiracy. Defendants' Instruction No. 41 resolves this issue.**

## PLAINTIFF'S INSTRUCTION NO. 22 –
## SPOLIATION/DESTRUCTION OF EVIDENCE:  OFFICER DEFENDANTS

Plaintiff contends that one or more of the Officer Defendants at one time possessed certain files related to the investigation of Plaintiff that the Officer Defendants cannot locate. The Officer Defendants acknowledge that these files cannot be found, but contend that the loss of this evidence was accidental.

You may assume that such evidence would have been unfavorable to the Officer Defendants only if you find by a preponderance of the evidence that:

1. One or more of the Officer Defendants intentionally destroyed the evidence or caused it to go missing; and

2. One or more of the Officer Defendants did so in bad faith.

**<u>Authority:</u>**

- Seventh Circuit Pattern Civil Jury Instruction 1.20
- *Everett v. Cook County*, 655 F.3d 723, 727 (7th Cir. 2011)
- *Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997)

_____ Given
_____ Rejected
_____ Withdrawn
__X___ Objected To

**Defendants' Objection: Defendants object to this instruction insofar as there is no evidence that any individual defendants were involved in the loss of any evidence whatsoever much less that the defendants have claimed they "accidentally" lost anything. Moreover, insofar as investigatory materials were misplaced by anyone, this occurred nearly a decade after the relevant time period. The materials allegedly misplaced were tendered to numerous persons prior to being misplaced and there is no evidence that any materials have been permanently misplaced, lost, or destroyed. To the contrary, every single piece of evidence that would have been in the allegedly missing file was produced in this case. This Instruction is not appropriate under the Committee Comments to Pattern Instruction No. 1.02. See Sev. Cir. Patt. Instr. No. 1.20 (citing cases).**

**PLAINTIFF'S INSTRUCTION NO. 23 –
SPOLIATION/DESTRUCTION OF EVIDENCE:  CITY OF CHICAGO**

Plaintiff contends that the City Defendant at one time possessed certain files related to the investigation of Plaintiff that the City cannot locate.  The City Defendant acknowledges that these files cannot be found, but contends that the loss of this evidence was accidental.

You may assume that such evidence would have been unfavorable to the City Defendant only if you find by a preponderance of the evidence that:

1.      The City Defendant intentionally destroyed the evidence or caused it to go missing; and

2.      The City Defendant did so in in bad faith.

<u>**Authority:**</u>

-   Seventh Circuit Pattern Civil Jury Instruction 1.20
-   *Everett v. Cook County*, 655 F.3d 723, 727 (7th Cir. 2011)
-   *Miksis v. Howard*, 106 F.3d 754, 762-763 (7th Cir. 1997)


\_\_\_\_\_  Given
\_\_\_\_\_  Rejected
\_\_\_\_\_  Withdrawn
\_\_X\_\_\_  Objected To


**Defendants' Objection: First, defendants object to this instruction because the City is not a party on which any individual substantive liability is at issue. Second, defendants also object to this Instruction insofar as the misplacing of the file at issue occurred nearly a decade after the relevant time period. The materials allegedly misplaced were tendered to numerous persons prior to being misplaced and there is no evidence that any materials have been permanently misplaced, lost, or destroyed. To the contrary, every single piece of evidence that would have been in the allegedly missing file was produced in this case. This Instruction is not appropriate under the Committee Comments to Pattern Instruction No. 1.02. See Sev, Cir. Patt. Instr. No. 1.20 (citing cases).**

**PLAINTIFF'S INSTRUCTION NO. 24 –
DAMAGES: PREFATORY INSTRUCTION**

If you find that Plaintiff has proved any of his claims against one or more of the Officer Defendants or one or more of the Prosecutor Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

**Authority:**

- Seventh Circuit Pattern Civil Jury Instruction 7.22

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected To

**PLAINTIFF'S INSTRUCTION NO. 25 – DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct and Plaintiff's wrongful incarceration.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

2. The wages, salary, profits, and earning capacity that Plaintiff has lost, and the present value of the wages, salary, profits, and earning capacity that Plaintiff is reasonably certain to lose in the future because [of the injury he has sustained].

   [When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.]

**Authority:**

- Seventh Circuit Pattern Civil Jury Instruction 7.23 (revised)

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_x\_\_ Objected To

**Defendants' Objection: Defendants object to Plaintiff seeking lost wages insofar as his stated occupation and means of income prior to his arrest was selling illicit drugs. Plaintiff was also asked to quantify the damages he sought in this lawsuit and failed to list lost wages. See Pl.'s Ans. Villardita Interrogatories at No. 17.**

**PLAINTIFF'S INSTRUCTION NO. 26 – DAMAGES: PUNITIVE**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against one or more of the Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the Defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against one or more of the Defendants. You may assess punitive damages against a defendant only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendants' conduct;

- the impact of the Defendants' conduct on Plaintiff;

- the relationship between Plaintiff and the Defendants;

- the likelihood that the Defendants would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**<u>Authority:</u>**

- Seventh Circuit Pattern Civil Jury Instruction 7.24

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected To

## PLAINTIFF'S INSTRUCTION NO. 27 – FINAL INSTRUCTIONS

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by telephone, text messaging, instant messaging, blogs, websites, or social media services like Facebook, Twitter, YouTube, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the presiding juror or by one or more members of the jury. To have a complete record of this trial, it is important that you not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of your votes. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

**Authority:**

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012).
*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)

\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_X\_\_ Objected To

**Defendants' Objection: This is a non-pattern instruction that is superfluous and duplicative of matters addressed in the pattern instructions.**

## PLAINTIFF'S INSTRUCTION NO. 28 – THE VERDICT

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.


**Authority:**

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill. Jan. 23, 2012).
*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill. Apr. 24, 2014)


\_\_\_\_\_ Given
\_\_\_\_\_ Rejected
\_\_\_\_\_ Withdrawn
\_\_\_\_\_ Objected To