**Schedule H3**

<u>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**</u>

# LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

*Plaintiff's Objection:*

*INSTRUCTIONS 7, 8, and 20 duplicate one another. There is no reason to tell the jury the same thing three times. Plaintiff requests the Court to decide which of the three is most comprehensive and/or appropriate and give this instruction only once.*

**Defendants' Proposed Instruction No. 7**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.09*

## EVIDENCE LIMITED TO CERTAIN PARTIES

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual defendant only in the case against that individual defendant. You must not consider it against any other co-defendant.

*Plaintiff's Objection:*

**INSTRUCTIONS 7, 8, and 20 duplicate one another. There is no reason to tell the jury the same thing three times. Plaintiff requests the Court to decide which of the three is most comprehensive and/or appropriate and give this instruction only once.**

**Defendants' Proposed Instruction No. 8**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.10*

## MULTIPLE CLAIMS;
## MULTIPLE PLAINTIFFS/DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are ten defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants or only as to other claims.

*Plaintiff's Objection:*

*INSTRUCTIONS 7, 8, and 20 duplicate one another. There is no reason to tell the jury the same thing three times. Plaintiff requests the Court to decide which of the three is most comprehensive and/or appropriate and give this instruction only once.*

**Defendants' Proposed Instruction No. 20**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 1.25*

# ISSUES

The Plaintiff in this case is Deon Patrick. I will refer to him as the plaintiff. The defendants in this case are: Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, who are current or retired Chicago police officers, and Joseph Magats and Martin Fogarty, who are current or former Cook County prosecutors. I will refer to these parties as the defendants

Plaintiff brings the following claims:

First, plaintiff claims that defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty violated his constitutional right to be free from being compelled to incriminate himself;

Second, plaintiff claims that defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty fabricating evidence against him.

Third, plaintiff claims that defendants Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski and Michael Berti failed to intervene to prevent alleged violations of his Constitutional rights;

Fourth, plaintiff claims that defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty, conspired among themselves to deprive him of the aforementioned constitutional rights.

Fifth, plaintiff claims that all the defendants' actions constituted malicious prosecution under Illinois law.

Sixth, plaintiff claims that the defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty, conspired among themselves to maliciously prosecute him in violation of Illinois State law

Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

***Plaintiff's objection:   Too convoluted; does not use plain English to identify claim, such as, but way of example only,  "violated his constitutional right to be free from being compelled to incriminate himself"*** *instead of* ***"coerced him into falsely incriminating himself."***

**Defendants' Proposed Instruction No. 23**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Plaintiff's First Amended Complaint (Dkt. 92)*

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, that:

1.

You must now treat these facts as having been proved for the purpose of this case.


*Plaintiff's objection:    These stipulations should not be read during the jury instructions. They should be used during the trial where appropriate.   Only stipulations entered into evidence should be considered, and new stipulations should not be introduced for the first time in the jury instructions.   Even if there is an instruction that permits it, it is not appropriate in this context.*

**Defendants' Proposed Instruction No. 24**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 2.05.*

**GENERAL: NOT A PARTY**

Defendants Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty are being sued as individuals. The Chicago Police Department and the Cook County State's Attorney's Office are not parties to this lawsuit.

*Objection: This is not an appropriate instruction. The jury is not being told that the CPD or the CCSAO are parties; they don't need to be told that they are not parties. The opening description of who is being sued is sufficient to make this point.*

**Defendants' Proposed Instruction No. 25**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.01 (modified).*

# GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty, were personally involved in the conduct that plaintiff complains about. You may not hold Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, Joseph Magats and Martin Fogarty liable for what other individuals did or did not do.

**Objection:  See objection to 7, 8, 20.   Same objection.  Defendants want to tell the jury the same point over and over and over again.**

**Defendants' Proposed Instruction No. 26**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.02 (modified)*

# UNDER COLOR OF LAW

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.


*Objection:  This instruction is unnecessary.  Defendants admit that they acted under color of law, and so it is not a disputed issue in the case.  Moreover, it is only used one time in the instructions below, and for reasons stated in detail there, that is not a proper instruction. Therefore, the use of the "color of law" instruction is unnecessary.*

**Defendants' Proposed Instruction No. 27**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.03*

# INTENT REQUIREMENT

As to plaintiff's Constitutional claims, not every injury inflicted by an official acting "under color of law" is a deprivation of a person's constitutional rights. If an injury results because of an accident, or because an individual was negligent, or if the injury occurred through reasonable conduct of the official, no constitutional deprivation has occurred.

In other words, you must find that a defendant intentionally caused the injury to plaintiff and not because of mistake, accident or other innocent reason.

***Objection: The jury should not be told multiple times that intent is an element of the offenses. Such information is in the instructions with respect to the individual counts. Just as with proposed instructions ## 7, 8, 20, 26 tell the jury over and over that a defendant needs personal involvement to be liable, so too this instruction will start a long chain of instructions related to intent. Note below that the Seventh Circuit has no such instruction, and we respectfully submit that if Seventh Circuit believed this issue required a further specific instruction, it would have created one.***

**Defendants' Proposed Instruction No. 28**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Parratt v. Taylor, 451 U.S. 527 (1981); Salazar v. City of Chicago, 940 F.2d 233, 238 (7th Cir. 1991); Archie v. City of Racine, 847 F.2d 1211, 1218-19 (7th Cir. 1988)(en banc)*

**CLAIM I: FIFTH AND FOURTEENTH AMENDMENTS: CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHT AGAINST COMPELLED SELF-INCRIMINATION**

Plaintiff claims that defendants violated his constitutional right to be free from self-incrimination by coercing him into making false and involuntary incriminating statements that were used against him in his criminal case.

To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1.      That the plaintiff made false incriminating statements to the defendant you are considering;

2.      That such false incriminating statements were not made by the plaintiff voluntarily but rather were made involuntarily as a result of improper coercion by the defendant you are considering;

3.      The false incriminating statements were used against the plaintiff during his criminal case.

4.      These acts proximately caused damages to the plaintiff.

If you find from your consideration of all the evidence that plaintiff has proven these propositions as to the defendant you are considering, then you should find in favor of plaintiff on this claim and against that defendant.

If, however you find from your consideration of all of the evidence that these propositions have not been proven as to the defendant you are considering, then you should find in favor of that defendant against plaintiff on this claim.


*Objection:   No specific objection, but the Plaintiff offered instruction is clearer and more closely tracks language from the Seventh Circuit.*



**Defendants' Proposed Instruction No. 29**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


*Source*: Plaintiff's First Amended Complaint (Dkt. 92 at ¶ 77); *Fox v. Will County et al.*, 04 CV 07309 (Dec. 18, 2007) (Darrah J.) (Dkt. No. 588 at 26)

## VOLUNTARINESS OF A STATEMENT – DEFINED

A statement is voluntary where the totality of the circumstances demonstrate that it is the product of a rational intellect, free will, and a reasoned choice.  A statement is not voluntary if it is the result of physical or psychological intimidation that have overcome the defendant's free will.

A statement is not involuntary merely because a person in police custody has made incriminating statements to a law enforcement officer implicating himself or others in criminal activity. Rather, the issue for you to decide is whether the incriminating statements made by the plaintiff were the product of a rational decision by the plaintiff or, instead, whether such incriminating statements were made solely as a result of physical or psychological intimidation that overcame the plaintiff's free will and ability to make a rationale choice.

In determining the issue of voluntariness you should take into consideration all the circumstances surrounding the giving of the confession. However, moral or psychological pressures emanating from sources other than alleged governmental coercion do not render a statement involuntary.

In obtaining a confession from a person in custody, police officers are legally permitted to confront such person with evidence of guilt, engage in accusatory questioning, make false and/or misleading statements to such person about evidence of the person's guilt, make statements to such person regarding the potential legal consequences of the crime being investigated, and provide promises to bring a person's cooperation to the attention of prosecutors. Accordingly, use of such tactics to obtain an incriminating statement do not render such incriminating statement involuntary.

*Objection:   This is an unnecessary instruction.  It is intended to influence the jury toward a specific result.  The Seventh Circuit did not intend for each side to pick the comments to the Pattern Instruction that favor them and then have them try to turn those statements into a new and separate instruction.*

**Defendants' Proposed Instruction No. 30**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source*: Sev. Cir. Patt. Crim. Jury Instr. § 3.09, comments (noting that specific factors regarding the voluntariness of confessions "should not be set forth in the instruction, but, rather, should be left to argument by counsel. Inclusion of all possible  subjects of consideration in a general

instruction might result in the inclusion of irrelevant factors in many cases, while recitation of only few common factors might cause undue emphasis on those particular factors."); *see also* 18 U.S.C. § 3501; *United States v. Rutledge*, 900 F.2d 1127, 1129 (7th Cir. 1990)("The police are allowed to play on a suspect's ignorance, his anxieties, his fears, and his uncertainties; they just are not allowed to magnify those fears, uncertainties, and so forth to the point where rational decision becomes impossible."); *Johnson v. Trigg*, 28 F.3d 639, 641 (7th Cir. 1994)("If all that was meant in deeming a confession coerced were that the efforts of the police had caused the defendant to confess, in the (inadequate) sense that he would not have done so had it not been for those efforts, the concept of "coerced confession" would at least be free from ambiguity. But the concept is more limited. Custodial interrogation is permitted even though inherently coercive and doubtless responsible for many a confession, and in addition the courts allow interrogators in these already coercive custodial settings considerable latitude in playing on the guilt and fears of the person interrogated in order to extract a confession that he will shortly regret having given."); *United States v. Montgomery*, 555 F.3d 623, 632 (7th Cir. 2009)("Even if Heiser had told Montgomery that the other passengers implicated him, there is no rule finding such conduct necessarily coercive. In fact, precedent holds that a police officer may "actively mislead" a suspect prior to obtaining a statement or confession so long as a rational decision remains possible."); *United States v. Sturdivant*, 796 F.3d 690, 697 (7th Cir. 2015)("'We have repeatedly held that a law-enforcement agent may actively mislead a defendant in order to obtain a confession, so long as a rational decision remains possible.'We have also held that 'a lie that relates to the suspect's connection to the crime is the least likely to render a confession involuntary.'"); *United States v. Kontny*, 238 F.3d 815, 817 (7th Cir.2001) (trickery does not render confession inadmissible absent threats or promises by government agents) quoting *United States v. Byram*, 145 F.3d 405, 408 (1st Cir.1998) ("trickery is not automatically coercion. Indeed, the police commonly engage in such ruses as suggesting to a suspect that a confederate has just confessed or that police have or will secure physical evidence against the suspect. While the line between ruse and coercion is sometimes blurred, confessions procured by deceits have been held voluntary in a number of situations"); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)("Harris objects that he was threatened with false and misleading evidence, but even if this is the case, it is well settled that police may use small deceptions while interrogating witnesses."); *Ray v. Duckworth*, 881 F.2d 512, 518 (7th Cir.1989)("There is clearly no merit to Ray's claim that he was robbed of his free will by the mounting pressures of the incriminating evidence the police had gathered. An interrogating officer's act of merely informing the accused of the nature of the evidence implicating him, without more, does not constitute coercive police conduct."); *United States ex rel. Hall v. Director, Dep't of Corrections*, 578 F.2d 194 (7th Cir.1978) (no ipso facto coercion when police told a suspect, wrongly, that co-defendants had implicated him as the ringleader); *United States v. Hocking*, 860 F.2d 769, 775 (7th Cir.1988) (accusatory questioning not in itself coercive); *United States v. Braxton*, 112 F.3d 777, 782 (4th Cir.1997) (truthful statements about sentence suspect faces do not render statement involuntary); *United States v. Schaeuble*, No. 08-CR-148, 2008 WL 4810079, at *8 (E.D. Wis. Oct. 30, 2008)("Courts have generally held that the following practices are insufficiently coercive to constitute a Fifth Amendment violation: (1) promises of leniency; (2) confrontation of the accused with other evidence of guilt; and, (3) an interrogator's false or misleading statements."); *United States v. Villalpando*, 588 F.3d 1124, 1130 (7th Cir. 2009)("[P]romises to seek favorable

consideration from the prosecutor do not undermine the voluntariness of a confession."); *United States v. Charles*, 476 F.3d 492, 497 (7th Cir.2007)(same)

**LENGTH OF DETENTION**

In 1992, the police could lawfully detain a criminal suspect for up to 48 hours before being required to bring such person before a judge.

*Objection: This instruction is one-sided and potentially misleading to a jury. It significantly muddies the issues of "length of interrogation" legally permitted and the effect that "length of interrogation" has on the likelihood of a false confession. This subject matter is better left to the examination of the witnesses and the experts and proper cross-examination than to have the instruction come from the Court. There is a reason that there is no pattern instruction on this topic.*

**Defendants' Proposed Instruction No. 31**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

*Source*: *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *Lopez v. City of Chicago*, 464 F.3d 711, 722 (7th Cir. 2006).

## CLAIM II: FAIR TRIAL – FABRICATION OF EVIDENCE

Plaintiff claims that defendants violated his right to a fair trial by fabricating evidence that was used to convict plaintiff in the criminal case. To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1.      The defendant you are considering knowingly fabricated evidence that was introduced against plaintiff as his criminal trial.

2.      The evidence was material.

3.      Plaintiff was damaged as a result.

Fabricated evidence is "material" if there is a reasonable probability that the result in the criminal proceeding would have been different if the evidence had been disclosed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must find for Defendant, and you will not consider the question of damages.

**Defendants' Proposed Instruction No. 32**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Seventh Circuit Proposed Revised § 1983 Instructions 7.14 (modified to account for multiple defendants)

# CLAIM III-FAILURE TO INTERVENE

To succeed on his failure to intervene claim against defendants, Anthony Villardita, Thomas Johnson, Ricardo Abreu, Terrence O'Connor, Brian Killacky, Sean Glinski, Michael Berti, plaintiff must prove each of the following things by a preponderance of the evidence:

1.     That one or more of defendants violated plaintiff's constitutional rights by coercing him to provide false incriminating statements against his free will or by fabricating false evidence that was used against plaintiff at his criminal trial;

2.     That a particular defendant that you are considering knew that another defendant was violating plaintiff's constitutional rights;

3.     That the defendant had a realistic opportunity to do something to prevent harm from occurring;

4.     That the defendant failed to take reasonable steps to prevent harm from occurring;

5.     That the defendant's failure to act caused plaintiff to suffer harm.

If you find that the plaintiff has proved each of these propositions by a preponderance of the evidence against a particular defendant, then you should find for the plaintiff and against that particular defendant on this claim.

If, however, you find that plaintiff did not prove each of these propositions by a preponderance of the evidence against a particular defendant, then you should find for that particular defendant and against the plaintiff on this claim.

**Defendants' Proposed Instruction No. 33**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Seventh Circuit Proposed Revised § 1983 Instructions 7.22 (modified to include constitutional violations alleged by plaintiff in this case)

# CLAIM IV – § 1983 CONSPIRACY

Plaintiff claims that defendants conspired among themselves to frame plaintiff for the murders of Jeffrey Lassister and Sharon Haugabook and to deprive plaintiff of his constitutional rights. A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, the plaintiff must prove each of the following things by a preponderance of the evidence:

1. The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to frame plaintiff for the murders of Jeffrey Lassister and Sharon Haugabook and to deprive plaintiff of his constitutional rights. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant you are considering knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One or more of conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, plaintiff was damaged.

If you find that the plaintiff has proved each of these propositions by a preponderance of the evidence against a particular defendant, then you should find for the plaintiff and against that particular defendant on this claim.

If, however, you find that plaintiff did not prove each of these propositions by a preponderance of the evidence against a particular defendant, then you should find for that particular defendant and against the plaintiff on this claim.


**Defendants' Proposed Instruction No. 34**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to


Source: Given in *Jimenez v. Bogucki et al.*, 09 CV 08081 (Jan. 23, 2012) (Kennelly, J.) (Dkt. No. 287 at 13) (modified as to the alleged purpose of the conspiracy); *Fields v. City of Chicago et al.*, 10 CV 1168 (April 24, 2014) (Kennelly, J.) (Dkt. No. 668 at 13-14) (modified as to the alleged purpose of the conspiracy).

## CONSPIRACY - DEFINED

A conspiracy is a combination of two or more persons, by concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. A conspiracy is a kind of partnership, in which each member becomes the agent of every other member. The essence of a conspiracy is a combination or agreement to violate or disregard the law.

Mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and may have discussed some common aims and interests is not necessarily proof of the existence of a conspiracy.

However, the evidence in the case need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. In order to establish that a conspiracy existed, plaintiff must show that members of the conspiracy in some way or manner, or through some contrivance, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful purpose.

The evidence in the case need now show that all the means or methods were agreed upon to carry out the alleged conspiracy, nor that all means or methods which were agreed upon were actually used or put into operation; nor that all persons alleged to have been members of the claimed conspiracy were members of the conspiracy.

*Objection: This is addressed by a Seventh Circuit Pattern Instruction; see also Plaintiff's proposed instruction re: same. This belabors a point that is already made in the central instruction. This instruction is one-sided and does not provide a balanced description of every component that might suggest or not suggest that a conspiracy occurred.*

**Defendants' Proposed Instruction No. 35**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in *Fox v. Will County et al.*, 04 CV 07309 (Dec. 18, 2007) (Darrah J.) (Dkt. No. 588 at 36).

## § 1983 CONSPIRACY – KNOWINGLY DEFINED

Before you may find that a defendant has become a member of a conspiracy, it must be shown that the conspiracy was knowingly formed, and that the defendant who is claimed to have been a member knowingly participated in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy. To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, accident or other innocent reason.

*Objection:   Same basis as above.  There is no ground to go outside the pattern instructions on these issues.*

**Defendants' Proposed Instruction No. 36**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in *Fox v. Will County et al.*, 04 CV 07309 (Dec. 18, 2007) (Darrah J.) (Dkt. No. 588 at 38).

# CLAIM V- MALICIOUS PROSECUTION

In this case, plaintiff claims that defendants committed malicious prosecution against him. To succeed on his claims of malicious prosecution, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the defendant you are considering commenced or continued a criminal proceeding against plaintiff;

2. The criminal proceeding terminated in plaintiff's favor and in a manner indicative of his innocence;

3. That the defendant you are considering commenced or continued the criminal proceeding without probable cause to charge plaintiff for murder, armed robbery and home invasion.

4. That the defendant you are considering acted with malice; and

5. Plaintiff suffered damages as a result.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to the defendant you are considering, then you should find for plaintiff as to that defendant and go on to consider the question of damages.

If, on the other hand, you find that plaintiff failed to prove any one of these things by a preponderance of the evidence as to the defendant you are considering, then you should find for that defendant, and you should not consider the question of damages as to that defendant.

**Defendants' Proposed Instruction No. 37**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in _Fuery v. City of Chicago et al._, 07 CV 05428 (Dec. 16, 2015) (Ellis J.) (Dkt. No. 425 at 39) (modified only as to charged crimes); _Daniels v. City of Chicago et al._, 08 CV 6832 (Feb. 15, 2013) (St. Eve J.) (Dkt. No. 252 at 31) (modified only as to charged crimes).

## MALICIOUS PROSECUTION-MALICE DEFINED

For the purposes of plaintiff's malicious prosecution claim, Illinois law defines malice as the intent, without justification or excuse, to commit a wrongful act. In order to find malice, you must find that the criminal proceeding commenced against plaintiff was commenced or continued by defendant(s) for the purpose of injuring plaintiff or for some purpose other than to prove that plaintiff committed a criminal offense. *[the criminal offense with which he was charged]*

A defendant commences or continues a criminal proceeding with malice if the defendant commences or continues the criminal proceeding with an improper motive, or a reason other than to bring the person against whom the criminal proceeding is commenced to justice. Malice may be inferred from the absence of probable cause if the circumstances that surrounded the starting of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been clearly proved. Malice may not be inferred where probable cause exists.

*Objection:*    *The second paragraph repeats much of the first paragraph.*

   *The second paragraph is not a correct statement of the law.*

   *See Plaintiff's instruction on malice.*

**Defendants' Proposed Instruction No. 38**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in *Fuery v. City of Chicago et al.*, 07 CV 05428 (Dec. 16, 2015) (Ellis J.) (Dkt. No. 425 at 40); *Daniels v. City of Chicago et al.*, 08 CV 6832 (Feb. 15, 2013) (St. Eve J.) (Dkt. No. 252 at 33) (modified). See *Aguirre v. City of Chicago*, 2008 WL 943783 (Ill.App.1st Dist. May 1, 2008); *Turner v. City of Chicago*, 91 Ill.App.3d 931, 937 (1st Dist. 1980)

# DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means for plaintiff's malicious prosecution claim. Probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person arrested committed the offenses charge. It is the state of mind of the one commencing the prosecution, and not the actual facts of the case or the guilt or innocence of the accused that is at issue. A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge. It is not necessary to verify the correctness of each item of information so obtained; it is sufficient to act with reasonable prudence and caution.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The fact that plaintiff's conviction was subsequently vacated [and the plaintiff issued a certificate of innocence][1] does not, by itself, mean that the officers lack probable cause to charge plaintiff with murder, armed robbery, and home invasion.

*Objection: This definition of probable cause is one sided, and instructs the jury on Defendants' theories related to probable cause, and not by applying a balanced approach to probable cause. See Plaintiff's instruction on probable cause.*

**Defendants' Proposed Instruction No. 39**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 7.06 (modified); *Jordan v. City of Chicago et al.*, 08 CV 6902 (Mar. 15, 2012) (St. Eve, J.) (Dkt. No. 149 at 28) (modified to include "the fact that plaintiff's conviction was subsequently vacated and that he received a certificate of innocence does not, by itself, mean that the officers lack probable cause to charge plaintiff with murder."); *Kluppelberg v. Burge*, 84 F.Supp.3d 741, 747 (N.D.Ill. 2015) (noting that the jury may be instructed that the certificate of innocence is not conclusive of plaintiff's innocence but merely evidence to be weighed along with all the evidence in the case.)

---

[1] Bracketed material contingent upon motion in limine rulings.

## ELEMENTS OF CRIMINAL CHARGES BROUGHT AGAINST PLAINTIFF

Plaintiff, Deon Patrick was charged with the offenses of first degree murder, armed robbery and home invasion in his underlying criminal case.

At the relevant time, Illinois law provided that a person commits the offense of first degree murder when he, or one for whose conduct he is legally responsible, kills an individual if, in performing the acts which cause the death, he or one for whose conduct he is legally responsible, intends to kill or do great bodily harm to that individual; or he, or one for whose conduct he is legally responsible, knew that such acts create a strong probability of death or great bodily harm to that individual; or he, or one for whose conduct he is legally responsible, is committing the offenses of armed robbery or home invasion.

At the relevant time, Illinois law provided that, to sustain a charge of first degree murder, it is not necessary to show that it was or may have been the original intent of a person or one for whose conduct he is legally responsible to kill another person. It is sufficient that a person and one for whose conduct he is legally responsible, combined to do an unlawful act, such as commit armed robbery and home invasion and that a person was killed by one of the parties committing the unlawful act.

At the relevant time, Illinois law provided that a person commits the offense of armed robbery when he or a person for whom he is legally responsible, while carrying on or about his person, or while otherwise armed with a dangerous weapon, takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

At the relevant time, Illinois law provided that a person commits the offense of home invasion when he or a person for whom he is legally responsible, not being a police officer acting in the line of duty, without authority, knowingly enters the dwelling place of another when he knows or has reason to know that one or more persons is present, and while armed with a dangerous weapon he uses force or threatens the imminent use of force upon any person within the dwelling place whether or not injury occurs.

At the relevant time, Illinois law provided that a person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of an offense, he knowingly solicits, aid, abets, agrees to aid or attempts to aid the other person in the planning or commission of the offense. The word "conduct" includes any criminal act done in furtherance of the planned and intended act

*Objection:   There is simply no basis to give this instruction.  The conviction has been vacated. The charges have been dropped.  The Plaintiff has received a Certificate of Innocence.  There is no basis in this civil rights case to give this level of detail related to the underlying  criminal offenses.*

**Defendants' Proposed Instruction No. 40**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Modified version of actual instructions given in plaintiff's criminal trial (*People v. Patrick*, No. 93 CR 710605 (Mar. 10, 1995)); I.P.I Criminal Nos. 7.01A, 14.05, 11.53.

## CLAIM VI – ILLINOIS LAW CIVIL CONSPIRACY

Plaintiff claims that the defendants conspired to maliciously prosecute him for the murders of Jeffrey Lassister and Sharon Haugabook in violation of Illinois law.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim against any of these defendants, Plaintiff must prove the following things as to that defendant by a preponderance of the evidence:

1. The conspiracy as I have described it existed. Plaintiff must prove there was an agreement between two or more persons to maliciously prosecute him. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant you are considering knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, Plaintiff was damaged.

If you find that Plaintiff has proved this claim as to any defendant by a preponderance of the evidence, then you should find for Plaintiff and against that defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove this claim by a preponderance of the evidence against any of the Officer or Prosecutor Defendants, then you should find for the Defendants and not consider the question of damages.

**Defendants' Proposed Instruction No. 41**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Given in *Empress Casino Joliet Corp., et al., v. John Johnston et al.*, 09 CV 3585 (Dec. 10, 2014) (Kennelly, J.) (Dkt. No. 333 at 19) (modified as to the alleged purpose of the conspiracy)

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for a defendant on the question of liability, then you should not consider the question of damages.

*Objection:  This is wrong or at a minimum, it is badly worded.   This could easily be read that if you find that one defendant is not liable on one count, then you should not consider the question of damages.   While no such instruction is necessary at all, what we think Defendants are trying to say is that a defendant is not liable on any count, then no damages should be assessed against that defendant.   But the Court is capable of applying that instruction after the jury has identified who is liable, if anyone, and who is not, if anyone.  Nothing is gained by giving such an instruction and indeed, there is much opportunity for confusion if this instruction is given.*

**Defendants' Proposed Instruction No. 42**

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

Source: Seventh Circuit Pattern Jury Instruction 1.31

# DAMAGES: PREFATORY INSTRUCTION

If you find that plaintiff has proved his claims against the defendant(s), then you must determine what amount of damages, if any, plaintiff is entitled to recover against the defendant(s).

If you find that plaintiff has failed to prove his claims, then you will not consider the question of damages.

*Plaintiff proposes:*

If you find that plaintiff has proved his claims against **one or more** defendant**s**, then you must determine what amount of damages, if any, plaintiff is entitled to recover against **those** defendant**s**.

**Defendants' Proposed Instruction No. 43**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.22 (modified)*

# DAMAGES: COMPENSATORY

If you find in favor of plaintiff on his claims, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of such claims. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.     The mental/emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00).

*Objection to the omission of other types of damages.*

*Objection to the contradictions in the instruction between what needs to be proven and not proven.*

**Defendants' Proposed Instruction No. 44**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified)*

## MITIGATION OF DAMAGES

If you find in favor of plaintiff on his claims, you are to consider that an injured person must exercise ordinary care to mitigate his damages. Damages caused by a failure to exercise such care cannot be recovered.

*Objection:    There is no reasonable suggestion that Mr. Patrick could have mitigated his damages, and in any event, Defendants have not proposed any manner in which he might have done so.   This instruction should not be given unless there is evidence submitted by Defendants that establishes a failure to mitigate.*

**Defendants' Proposed Instruction No. 45**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Illinois Pattern Jury Instructions 33.01 (modified)*

# DAMAGES: PUNITIVE

If you find for plaintiff, you may, but are not required to, assess punitive damages against the particular defendant you have found liable. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a particular defendant. You may assess punitive damages only if you find that a particular defendant's conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of defendant's conduct;

- the impact of defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

- defendant's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

***Objection to financial condition as none of the Defendants have asserted a financial condition defense to punitive damages.***

**Defendants' Proposed Instruction No. 46**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.24 (modified)*