# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Deon Patrick,<br><br>           Plaintiff,<br><br>v.<br><br>City of Chicago, et al.,<br><br>           Defendants. | No. 14-cv-3658<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION & ORDER

The parties are ordered to refrain from discussing Plaintiff's Fifth Amendment silence at his criminal trial, unless the door is once again opened by Plaintiff's counsel.

## STATEMENT

The issue before the Court appears to be one of first impression: May a Plaintiff's prior Fifth Amendment silence at his criminal trial be discussed or used in a subsequent civil trial (on largely the same matters) to draw an adverse inference against him? This issue arose in the context of opening statements, where Plaintiff's counsel mentioned that this case (the civil case) would be the first time Plaintiff had an opportunity to tell his story to a jury of his peers. (*See* Trial Tr. [Dkt. # 329-3] at 8:9-12.) Defense counsel, in turn, stated the following during his opening statement:

> Mr. Patrick's attorney mentioned in her opening statement that Mr. Patrick has been waiting a long time to tell his story to the jury. She is absolutely right about that. But it wasn't the first time he had a chance. Mr. Patrick had the chance to tell the jury that was going to decide whether he spent the rest of his life in prison or get the death penalty his story. He knew his life was on the line. It was the highest of stakes in 1995. He had his own attorney. He had plenty of time to prepare his defense. Trial rolls around. The judge tells him: You have an absolute right to tell your story, Mr. Patrick. It's your constitutional right. He says nothing. He says nothing about his alibi. He says nothing about what he was doing that day. He

says nothing about his confession being coerced. He says nothing about anyone
else's confession being coerced.

(*Id.* at 57:5-57:20.) Neither party objected to the other's opening statement. The Court raised the issue *sua sponte,* and the parties were instructed to brief the issue.

Neither party, however, has found a case squarely on point. What they have found instead are two lines of competing principles pertaining to Fifth Amendment silence. On one hand, there is the line of cases beginning with *Griffin v. California*, which held that a criminal defendant's Fifth Amendment rights are violated if the prosecutor draws an adverse inference of guilt from that silence. 380 U.S. 609, 615 (1965); *see also United States v. Jones*, 600 F.3d 847, 856 (7th Cir 2010) (noting that even "indirect" comments about a criminal defendant's silence can violate the Fifth Amendment if they were "manifestly intended or [were] of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."). On the other hand, there is an equally strong line of precedent beginning with *Baxter v. Palmigiano*, which held that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. 425 U.S. 308, 318-21 (1976); *see also Glob. Dairy Sols. Pty. Ltd. v. BouMatic LLC*, 523 F. App'x 421, 426 (7th Cir. 2013) ("Silence can be probative. It depends on the circumstances.").

Neither line of cases squarely addresses the issue in this case.[1] This is indeed a civil proceeding, but Plaintiff has not refused to testify in the face of probative evidence, and defense

---

[1] Plaintiff admits as much. And the only case from Defendants that comes close to addressing the issue, attached as a one-page transcript to Defendants' brief, is *Fields v Chicago*, 10-cv-1168 (N.D. Ill.). There, the judge allowed defense counsel to comment on the plaintiff's prior Fifth Amendment silence. But the Court in *Fields* supplied no analysis supporting the ruling (i.e., whether it was constitutional or evidentiary), and (2) the judge merely permitted counsel to note that the plaintiff previously chose not to testify. In the case at bar Defense counsel said much more. *Fields* is therefore of limited value to the present issue.

2

counsel's comment urging an adverse inference refers to his assertion of his constitutional right in a prior criminal proceeding concerning some of the same issues of fact.

## *Raffel* and Fifth Amendment Silence

The most helpful line of cases the Court could find begins with *Raffel v. United States*, which recognized that the Fifth Amendment is not violated when a defendant who testifies in his own defense is impeached with his prior silence. 217 U.S. 494, 497 (1926). The defendant in *Raffel* was tried twice. *Id.* at 494. At the first trial, a government witness testified that Raffel had previously made an inculpatory statement. *Id.* Raffel did not testify in response, and the trial ended with a deadlocked jury. *Id.* at 495. At the second trial, the same government witness testified about Raffel's inculpatory statement, but Raffel changed course: he took the stand and refuted the government's witness. *Id.* The government then revealed through cross-examination that Raffel refused to testify at his first trial. *Id.*

Over defense counsel's objection, the Court found the cross-examination to be proper, explaining that "[the] immunity from giving testimony is one which the defendant may waive by offering himself as a witness . . . . When he takes the stand on his own behalf, he does so as any other witness, and within the limits of the appropriate rules he may be cross-examined." *Id.* at 496-97. Accordingly, Raffel was "subject to cross-examination impeaching his credibility just like any other witness." *Id.*

Subsequent decisions undermined *Raffel*, however. In *Grunewald v. United States*, for example, a unanimous Court overturned a federal conviction because the defendant, who testified in his own defense, was questioned about his invocation of his privilege before the grand jury. 353 U.S. 391, 424 (1957). The defendant had repeatedly insisted that he was innocent before the grand jury and stated he was asserting his privilege solely on advice of counsel. *Id.* at

417. But during trial, the prosecutor cross-examined the defendant with some of the same questions he was asked before the grand jury. *Id.* The defendant answered them in a manner consistent with his innocence, and the government was allowed (over objection) to raise his prior Fifth Amendment silence before the grand jury. *Id.* In overturning his conviction, a majority of the Court found too attenuated the inference that the defendant's earlier silence reflected upon the credibility of his later testimony when balanced against the prejudice of possible impermissible use of the evidence by the jury. *Id.* at 419-421. Applying, in effect, the balancing test Rule 403 of the Federal Rules of Evidence, and mindful of the "grave constitutional overtones," the Court ruled that, in the circumstances of the case, the cross-examination was prejudicial error. *Id.* at 423. Four members of the Court concurred, relying squarely on a violation of the Fifth Amendment and asserting that *Raffel* should be overruled. *Id.* (Black, J. concurring) ("I can think of no special circumstances that would justify use of a constitutional privilege to discredit or convict a person who asserts it. The value of constitutional privileges is largely destroyed if persons can be penalized for relying on them. . . .To the extent that approval of such a rule in *Raffel* v. *United States*, 271 U.S. 494, has vitality . . . I think that *Raffel* should be explicitly overruled.")

Four years later, in *Stewart v. United States*, the Court explained that *Raffel* did not mean that prior silence could always be used to impeach; rather, in order for prior silence to be used as an offensive weapon in federal prosecutions, it had to be inconsistent with the subsequent testimony. 366 U.S. 1, 5 ("[I]n no case has this Court intimated that there is such a basic inconsistency between silence at one trial and taking the stand at a subsequent trial that the fact of prior silence can be used to impeach any testimony which a defendant elects to give at a later

4

trial."); *see also United States ex rel. Saulsbury v. Greer*, 702 F.2d 651, 655 (7th Cir. 1983) (characterizing *Stewart* as being decided on Fifth Amendment grounds).

Turning to the implications of silence in state prosecutions, the Court struck down the "California comment rule" in *Griffin v. California*, relying squarely on Fifth Amendment grounds. 380 U.S. 609, 615 (1965). There, even though the defendant did not testify, both the trial court and prosecutor commented upon the defendant's failure to deny or explain matters within his knowledge (as expressly authorized by the California Constitution). *Id.* at 610. The Court rejected such commentary as an impermissible penalty for the exercise of a constitutional right. *Id.* at 613-15. Thus, at least in the situation where the defendant has exercised his Fifth Amendment rights absolutely (that is, declining to testify in his defense), the Court explained that "what the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." *Id.* at 614.

Next, in *United States v. Hale*, the Court once again examined the problem of prosecutorial comment on prior silence where a defendant chooses to take the stand at trial. 422 U.S. 171, 174 (1975). The court, pursuant to its supervisory powers, upheld the reversal of a conviction after a trial in which the defendant had been asked by the prosecutor why he had not given his alibi during police interrogation. *Id.* Again the Court used a balancing test and found that the circumstances closely paralleled those in *Grunewald*, and further noted that the "assumption of inconsistency underlying [*Raffel*] is absent here." *Id.* at 175. *Raffel* was thus relegated to a footnote, noting that since *Hale* did not reach any constitutional claims, it was unnecessary to decide whether *Raffel* had survived subsequent decisions. *Id.* at 175 n.4.

5

Nonetheless, *Raffel* was resuscitated to a degree in *Jenkins v. Anderson*, 447 U.S. 231 (1980), which stated broadly that *Raffel* "recognized that the Fifth Amendment is not violated when a defendant who testifies in his own defense is impeached with his prior silence," but without overruling the prior cases (discussed above) that seem to circumscribe *Raffel*'s holding. It thus appears that the Supreme Court is sending mixed signals about the circumstances in which a criminal defendant's prior silence can be used against him.

None of this, of course, settles the precise issue before the Court. But these cases do highlight some relevant principles: (1) when a defendant exercises his right not to testify absolutely, the government cannot comment upon his silence; (2) instances where silence can be used against a defendant are justified only if (a) inconsistency can be inferred from prior silence and subsequent testimony and (b) there is an element of unfairness (i.e., the defendant should not be permitted to use the Fifth Amendment as both a sword and a shield); and (3) the analysis should be fact specific and carefully balance the protections of the Fifth Amendment against the need for a full and fair development of the facts through cross-examination.

<u>Application to this Case</u>

The above principles suggest that Plaintiff should not be penalized for invoking his Fifth Amendment rights during his criminal trial. He simply chose not to testify. His silence, moreover, as understood within the unique facts of this case, does not suggest that his present decision to testify is inconsistent or less credible. *See Grunewald*, 353 U.S. at 425 (Black J., concurring) ("The value of constitutional privileges is largely destroyed if persons can be penalized for relying on them.").

That said, this is still a civil case, and although Plaintiff has not refused to take the stand (an act that would permit an adverse inference), the question remains whether his counsel put his

6

prior silence at issue during opening argument by stating that Plaintiff has been waiting since the day of his arrest to tell his story to a jury. This statement invited a response. And had defense counsel simply rebutted this proposition by merely noting that Plaintiff had a prior opportunity to testify, there would be little cause for concern. But Defense Counsel's comments went further than that:

> Mr. Patrick had the chance to tell the jury that was going to decide whether he spent the rest of his life in prison or get the death penalty his story. He knew his life was on the line. It was the highest of stakes in 1995. He had his own attorney. He had plenty of time to prepare his defense. Trial rolls around. The judge tells him: You have an absolute right to tell your story, Mr. Patrick. It's your constitutional right. He says nothing. He says nothing about his alibi. He says nothing about what he was doing that day. He says nothing about his confession being coerced. He says nothing about anyone else's confession being coerced.

Plaintiff's opening comment verged on the impermissible use of the Fifth Amendment right as both a sword and a shield, but it is unclear to the Court that this result was intentional; whereas defense counsel's response was extreme and had the potential to turn Plaintiff's exercise of the Fifth Amendment's protections into an offensive weapon.

For this reason, if Plaintiff makes no further reference to his previous inability to tell his story, Defendants will be barred from any further comment or any evidence referring to Plaintiff's assertion of his right to remain silent in his criminal trial. On the other hand, if Plaintiff makes any other comment about this trial being his first opportunity to tell his story, Defendants will be permitted to rebut the same with evidence and argument that Plaintiff's failure to testify in his criminal trial is a proper factor that may be used to weigh his credibility in the case at bar.

## CONCLUSION

For the reasons set forth above, the defendants are ordered to refrain from discussing Plaintiff's Fifth Amendment silence at his criminal trial, unless the door is once again opened by Plaintiff's counsel either through elicited testimony or argument.

**SO ORDERED.**                              ENTERED: **March 21, 2017**

*[signature]*
**HON. RONALD A. GUZMÁN**
**United States District Judge**