## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEON PATRICK.,                          )
                                        )
                                        )
                   **Plaintiff,**       )
          v.                            )          **No.** 14 cv 3658
                                        )
THE CITY OF CHICAGO, *et al.,*          )          **Judge Ronald A. Guzmán**
                                        )
                                        )
                   **Defendants.**      )
                                        )
                                        )

# MEMORANDUM OPINION AND ORDER

The parties have submitted deposition designations and objections for Adrian Grimes, plaintiff's witness who has become unavailable. The Court rules as follows:

Page 23:16-24:9    Defendants Objection: Leading and mischaracterizes the evidence : SUSTAINED. LEADING.

Page 29:10-35:10    Defendants: Objection to Page 32:20-33:3: Relevance, Rule 403, violates order on Motion in Limine #15 regarding other police misconduct.  OVERRULED.

Page 35:23-36:5    Defendants' Objection: Leading and mischaracterizes; Grimes had not previously stated he had told the police he had not seen Daniel Taylor on 11/16/92. SUSTAINED. ASSUMES FACTS NOT IN EVIDENCE AND MISCHARACTERIZES PRIOR TESTIMONY.

Page 36:7-38:18    Plaintiff:  36:7 - SUSTAINED , LEADING. 36:12 SUSTAINED, LEADING. 36:14 OVERRULED. 36:19 SUSTAINED, CALLS FOR CONCLUSION, MISCHARACTERIZES, ASSUMES FACTS NOT IN EVIDENCE. 37:6 - OVERRULED. 37:12 SUSTAINED LEADING. 38:8 OVERRULED.

Page 42:1-44:14    Defendants: Objection to Page 43:13-19: Asked and answered (at 37:6-16), non-responsive, confusing.  Objection to Page 44:6-12: Foundation, Speculation. OBJECTIONS OVERRULED.

Page 47:11-48:14    Defendant's Objection to Page 47:19-48:14: non-responsive. OBJECTION OVERRULED.

Page 49:2-10   Defendants' Objection: Non-Responsive; The question asks about what happened before Grimes' 1995 trial testimony, but he answers about what happened during his trial testimony :  OVERRULED. ONLY QUESTIONING COUNSEL CAN OBJECT TO RESPONSIVENESS OF A QUESTION.

Page 54:4-7    Defendants' Objection: Speculation; Foundation.  OVERRULED. WITNESS CAN GIVE AN OPINION AS TO WHO HE WOULD HAVE RECOGNIZED AT A GIVEN POINT IN HIS LIFE.

Page 57:13-59:1        Defendants: Objection to Page 57:13-59:1: Relevance, Rule 403. SUSTAINED PURSUANT TO R. 403 AS TO ALL BEGINNING AT 58:3 TO 59:1.

Page 74:23-24 and 75:24-76:3              Defendants' Objection: Improper attorney objections after the question (i.e. coaching the witness )  SUSTAINED. INTERRUPTING A WITNESS BECAUSE YOU DON'T LIKE THE ANSWER THE WTINESS IS GIVING AND IN ORDER TO INTERJECT YOUR OWN QUESTION AND ATTEMPT TO CURE THE DAMAGE IS SANCTIONABLE MISCONDUCT.

Page 80:15-81:5 (end at "like that")   Plaintiff: FRE 609 (b); and 403. More than 10 years have passed since conviction/confinement. None of the crimes (possession of drugs or intent to deliver or stolen car) pertain to a dishonest act or false statement -- particularly where he pled guilty to the crime. Prejudice outweighs probative value. OVERRULED. ENTIRE CRIMINAL HISTORY OF THIS WITNESS WILL BE ALLOWED. THE COURT FINDS THAT THE PROBATIVE VALUE OF THE CONVICTIONS SUBSTANTIALLY OUTWEIGHS THE PREJUDICIAL EFFECT. SPECIFICALLY THIS WITNESS IS OF GREAT SIGNIFICANCE AS HE DIRECTLY CORROBORATES PLAINTIFFS ASSERTIONS OF FABRICATION OF EVIDENCE. HIS CREDIBILITY IS THEREFORE CRUCIAL. IN THAT REGARD THE WITNESS APPARENTLY HARBORS ILL WILL AGAINST POLICE OFFICERS IN GENERAL BASED UPON HIS BELIEF THAT HE ALSO WAS FRAMED BY POLICE OFFICERS WHO LIED TO CONVICT HIM IN AT LEAST ONE OF HIS PRIOR CASES. HE ALSO BELIEVES THAT HIS PUBLIC DEFENDER AND THE JUDGE IN THAT CASE CONSPIRED WITH THE POLICE TO WRONGFULLY CONVICT HIM. THE TIMING AND DETAILS OF SOME OF HIS CONVICTIONS ALSO CASTS SOME DOUBT ON HIS CLAIMS THAT HE WAS OFFERED LENIENT TREATMENT IN EXCHANGE FOR HIS PERJURED TESTIMONY AGAINST THE PLAINTIFF. IN SHORT, THE JURY NEEDS TO HEAR THE ENTIRETY OF THIS WITNESSES BACKGROUND AND INTERACTION (OR LACK OF IT) WITH THE PLAINTIFF, HIS CO-DEFENDANTS AND WITH LAW ENFORCEMENT AND THE COURTS OVER MUCH OF HIS LIFE IN ORDER TO BE ABLE TO WEIGH THE CREDIBILITY OF HIS CLAIMS OF BEING FORCED TO GIVE FABRICATED PERJURED TESTIMONY AGAINST THE PLAINTIFF AND BEING OFFERED LENIENT TREATMENT AS WELL. HOWEVER, WITH THE EXCEPTION OF THE CONVICTION FOR WHICH HE CLAIMS HE WAS FRAMED BY A CONSPIRACEY BETWEEN THE ARRESTING OFFICERS, HIS DEFENSE ATTORNEY AND THE JUDGE, QUESTIONS AND ANSWERS ABOUT HOW MUCH TIME HE SPENT IN JAIL FOR EACH OF THE CONVICTIONS ARE MORE PREJUDICIAL THAN PROBATIVE AND THE

OBJECTION TO THAT TESTIMONY IS SUSTAINED.

Page 81:5-7    Defendants' Objection: Non-Responsive.  OBJECTION OVERRULED.

Page 81:8-23  Plaintiff: Same as above. OBJECTION OVERRULED.

Page 82:9-85:1                 Plaintiff: Same as above; these crimes are from 2001 and prior;
issues re: changes of judges, etc. are irrelevant. OVERRULED

Page 85:20-86-4    Defendants' Objection: Relevance.  Also, the experience the witness refers
to is inadmissible, rendering this question and answer inadmissible.  OBJECTION
OVERRULED. DEFENDANTS OPENDED THE DOOR FOR WITNESS GRIMES'
PREJUDICE/BIAS BY OFFERING 82:9 - 85:1. TESTIMONY THAT REBUTS THAT, THEN
BECOMES ADMISSIBLE.

Page 86:21-88:9    Plaintiff: Same as above. OBJECTION OVERRULED.

Page 89:13-92:2    Plaintiff: Same as above. OBJECTION OVERRULED.

Page 95:23-98:10    Plaintiff: Tattoos - relevance and Rule 403.  OBJECTION SUSTAINED
AS TO ALL TATTOS EXCEPT THE ONE PERTAINING TO HIS MEMBERSHIP IN THE
BLACK GANGSTER DISCIPLES GANG. MEMBERSHIP AND LOYALTY TO GANGS
AND GANG CONTROLLED NEIGHBORHOODS HAVE BEEN A RELEVANT TOPIC IN
THIS CASE AS A BASIS FOR ESTABLISHING WHAT MIGHT HAVE MOTIVATED
SOME OF THE WITNESSES/DEFENDANTS AS WELL AS THE LIKELIHOOD THAT A
PARTICULAR PERSON WOULD BE AT A PARTICULAR GANG CONTROLED
LOCATION. OBJECTIONS TO THE QUESTIONS REGARDING WITNESS'S USE OF
OTHER NAMES IS OVERRULED. THIS TOPIC IS RELEVANT NOT ONLY AS TO THE
WITNESS'S CREDIBILITY, BUT ALSO AS TO THE TAYLOR IN JAIL ARGUMENT.

Page 100:12- 101:20  Plaintiff: relevance - hierarchy of unrelated gang.  OBJECTION
SUSTAINED AS TO ALL BUT  100:12-18.

Page 103:3-7, 11-12 and 15-16;  Plaintiff: Foundation; Rule 403; improper character evidence
under Rule 404.        OBJECTION OVERRULED.  AS AN ACTIVE RANKING MEMBER
OF THE BLACK GANGSTERS THIS WITNESS WOULD BE IN A POSITION TO KNOW IF
BLACK GANGSTERS AND VICE LORDS WERE INVOLVED IN A VIOLENT CONFLICT.
HE WOULD ALSO KNOW WHICH GANGS COOPERATED WITH EACH OTHER AND
CONTROL.ED CERTAIN AREAS AS HIS OWN WELL BEING COULD DEPEND ON THIS
KNOWLEDGE.

Page 103: 11-12, 15-16; 103:24-104:3:        OBJECTION SUSTAINED. PROBATIVE VALUE
SUBSTANTIALLY OUTWEIGHED BY POTENTIAL FOR PREJUDICE.

Page 106: 6-8 and 11-22    Plaintiff: Only to 106:19-22 - calls for speculation; relevance: OBJECTION SUSTAINED.

Page 108:5-109:5    Plaintiff, Foundation: OBJECTION OVERRULED. COMES IN AS POSSIBLE MOTIVE FOR GRIMES TO LIE. ALSO RELEVANT TO ESTABLISH PLAINTIFF'S GANG WAS IN CONTROL OF NEIGHBORHOOD.

Page 126:1-128:8    Plaintiff: hearsay (statements of Grimes' sister and Taylor); 403 (Taylor allegedly "feeling on her"); relevance. SUSTAINED AS TO ALL BUT 126:1 – 7.

Page 140:17-22 and 141:1    Defendant's Objection: Asked and answered. OBJECTION OVERRULED.

Page 141:11-143:13    Plaintiff - Obj. to 142:10-143:7 - hearsay; speculation (sister and friends); 403. OBJECTION SUSTAINED.

Page 159:4-8   Defendants' Objection: Non responsive beginning with "Then I'm just…" OBJECTION OVERRULED.

Page 159:19-4 Defendants' Objection: Non-Responsive. OBJECTION SUSTAINED.

Page 177:1-9   Defendants' Objection: Non-Responsive. OVERRULED.

Page 177:10-22    Defendants' Objection: Non-Responsive. The witness is talking about the 1995 trial, but the question referenced his 1992 Grand Jury testimony. OBJECTION SUSTAINED.

Page 177:23-178:13   Defendants' Objection: Non-Responsive. The witness is talking about the 1995 trial, but the question referenced his 1992 Grand Jury testimony. SUSTAINED.

Page 180:16-18 and 180:22-181:4    Plaintiff: To 181:17-182:8 - Rule 609(b) - more than 10 years; 403 and cumulative. SUSTAINED. CUMULATIVE

Page 185:4-7   Plaintiff: Same as above. OVERRULED

Page 186:7-17 Plaintiff: 187:18-191:14 - hearsay; foundation/speculation ("what did you believe they were saying…"; were they Traveling Vice Lords "only one I know is.."); 403; relevance (he doesn't say he changed his testimony or took any action as a result of "threats"). OVERRULED. IN ORDER TO EVALUATE GRIMES' CREDIBILITY THE JURY NEEDS TO KNOW HIS STATE OF MIND, WHAT HE BELIEVED, AS TO THE ATTEMPTS BY GANG MEMBERS ON THE ONE HAND AND LAW ENFORCEMENT ON THE OTHER TO INFLUENCE HIS TESTIMONY. EVIDENCE AS TO THE ENTIRE SET OF CIRCUMSTANCES SURROUNDING HIS INITIAL AND FINAL STATEMENTS IS ADMISSIBLE FOR THE PURPOSE OF DETERMINING ANY BIAS, PREJUDICE OR MOTIVE HE MIGHT HAVE

HAD TO LIE – EITHER AT THE TIME OF HIS INITIAL STATEMENT OR ON
SUBSEQUENT OCCASSIONS. THE POTENTIAL FOR PREJUDICE IS REDUCED BY THE
FACT THAT PLAINTIFF'S GANG INVOLVEMENT HAS ALREADY BEEN MADE
CLEAR TO THE JURY AND THERE HAS ALSO BEEN TESTIMONY AS TO THE
INTERACTION BETWEEN DIFFERENT GANGS AND GROUPS WITHIN GANGS. ANY
POTENTIAL FOR PREJUDICE CAN ALSO BE ADDRESSED BY AN APPROPRIATE
INSTRUCTION TO THE JURY LIMITING THEIR CONSIDERATION OF THE EVIDENCE
TO ITS POSSIBLE EFFECT ON GRIMES' STATE OF MIND.

Page 195:1-2 and 195:7-9      Defendants' Objection: Speculation; Foundation. In addition, non-
responsive as to 195:7-9.  OVERRULED AS TO ALL BUT "THESE WAS DETECTIVES."

Page 196:20-23               Defendants' Objection: Speculation; Foundation. SUSTAINED.

Page 199:7-9        Defendants' Objection: Speculation.  OVERRULED.

Page 207:17-208:19 and 208:24-209:5          Plaintiff: 210:16-213:16 - 403 (no idea who
is in the audience (Mixon and Daniel Taylor were tried together), people cussing under their
breath he takes as "threat"; no recognition that they were affiliated with any particular gang;
foundation/speculation.  OVERRULED.

Page 209:9-213:16    Plaintiff: non-responsive; lacks foundation.  OVERRULED.

Page 214:18-24               Defendants' Objection: Non-Responsive.  OVERRULED.

Page 217:10-11               Defendants' Objection: Non-responsive.   OVERRULED.

Page 228:2-15        Defendants' Objection: Non-responsive.  Violates ruling on motion in
limine barring irrelevant allegations of police misconduct; Lacks Relevance.  OVERRULED
EXCEPT FOR THE TESTIMONY "BECAUSE I DONE SEEN THEM GET DOWN ON
PEOPLE. "  THIS PART WILL BE STRICKEN AS ITS PROBATIVE VALUE IS
SUBSTANTIALLY OUTWEIGHED  BY THE POTENTIAL FOR PREJUDICE.
Page 229:15-18 and 21               Plaintiff: 231:5-240:18 - hearsay (what others were saying
to him); relevance (this allegedly occurred after his 1995 testimony at Taylor's trial; 403
(suggesting that Rodney Matthews/Rock was "chief"). OVERRULED. STATEMENTS OF
OTHERS ARE NOT HEARSAY AS THEY ARE NOT OFFERED TO PROVE THE TRUTH
OF THE MATTER ASSERTED, BUT RATHER ONLY AS EVIDENCE OF THE
WITNESSES STATE OF MIND, I.E., THAT HE DID OR DID NOT HAVE A MOTIVE TO
LIE.

Page 230:22-240:18    Plaintiff: FRE 403; foundation; speculation - the event he is discussing
here occurred in 2009 - 14 years after his last testimony in the case; doesn't say who shot at him;
prejudicial to Patrick who has at this point been in prison for 17 years. OVERRULED.
GRIMES' PERCEPTION OF CONTINUOUS THREATS AGAINST HIM FOR HIS

TESTIMONY IS RELEVANT AS EVIDENCE OF MOTIVE TO LIE IN ANY SUBSEQUENT STATEMENTS.

Page 241: 6-13           Defendants' Objection: Non-responsive; Relevance.
SUSTAINED.

Page 253:12-254:6    Plaintiff: relevance of whether Tribune was taking notes or tape recording.
OVERRULED. THE WITNESS'S MOTIVES FOR GIVING VARIOUS VERSIONS OF THE
EVENTS SURROUNDING THE MURDERS IS RELEVANT IN ASSESSING HIS
CREDIBLILTY. THERE IS EVIDENCE THAT HE WAS INFLUENCED BY MANY
FACTORS AS HIS TESTIMONY CHANGED. THE JURY IS ENTITLED TO CONSIDER
ALL OF THOSE FACTORS IN ASSESSING HIS CREDIBILITY.

Page 255:5-11           Plaintiff: relevance of whether Tribune was taking notes or tape recording.
OVERRULED FOR THE SAME REASONS GIVEN ABOVE.

Page 256:10-13          Plaintiff: 403 (not convicted at the time of the deposition), not
clear if it is a felony; relevance of the rest of the testimony re: cops "putting the case on him".
OVERRULED. THIS OBJECTION DOES NOT ADDRESS THE TESTIMONY BEING
CHALLENGED. WITNESSES NICKNAME IS RELEVNT AND NOT PREDUDICIAL.

Page 260:22-261:9

Page 261:19-263:2    Plaintiff: 403 (not convicted at the time of the deposition), not clear if it is
a felony; relevance of the rest of the testimony re: cops "putting the case on him". OBJECTIONS
OVERRULED. PENDING CRIMINAL CHARGES, AS WELL AS HIS BELIEF THAT HE IS
BEING FRAMED BY LAW ENFORCEMENT AS TO THOSE CHARGES IS RELEVANT AS
PROOF OF BIAS, PREJUDICE, OR MOTIVE TO LIE.

Page 262: 13-22          Defendants' Objection: Non-Responsive, irrelevant. The reference
to other police misconduct also violates the court's ruling on motions in limine.  OVERRULED.
Defendants opened the door to this further explanation of his arrest by asking him about it in the
first place. This also is further evidence of the witness' ongoing relationship to the police and the
resultant possible bias, interest and prejudice.

Page 265: 15-24          Defendants' Objection: Irrelevant.  OVERRULED. DOOR
OPENED BY DEFENDANTS WHEN THEY BROUGHT OUT THE WITNESS' DRUG
DEPENDANCY. BOTH PASSAGES ARE RELEVANT TO HIS CREDIBILITY AS A
WITNESS – THE EXTENT, IF ANY, TO WHICH HE IS BEING INFLUENCED BY THE
USE OF NARCOTICS AS HE TESTIFIES IS FOR THE JURY TO DETERMINE.

Page 270:13-24 and 271:1    Defendants' Objection: Non-responsive. OVERRULED.

Page 273:15-19          Plaintiffs Objection: Asked and answered. OVERRULED.

Page 276: 7-8          Defendants' Objection: Non responsive: "unless I wanted-unless I got a death wish." SUSTAINED IN PART. THE FOLLOWING PORTION OF THE ANSWER COMES IN: "I CAN'T RECALL. IT WASN'T MANY." OBJECTION SUSTAINED AS TO THE REMAINDER OF THE ANSWER.

Page 277:5-13 and 277:20-278:5          Defendants' Objection: Leading.  Asked and answered. OBJECTION OVERRULED. OBJECTION AS TO FORM WAS NOT MADE AT THE DEPOSITION. SINCE THERE IS NO CITATION TO THE PORTION OF THE DEPOSITION THAT SUPPORTS THE "ASKED AND ANSWERED" OBJECTION, IT ALSO IS OVERRULED.

Page 278:17-20          Defendants' Objection: Asked and Answered. Form.  Leading. OBJECTION IS SUSTAINED AS TO ALREADY ASKED AND ANSWERED.

Page 281:10-282:13   Defendants' Objection: leading.  Form. SUSTAINED.

Page 284:16-18          Defendants' Objection: Leading; asked and answered.  Form. SUSTAINED.

Page 285:23-286:4   Defendants' Objection: Leading; form. OBJECTION SUSTAINED.

Page 286:14-19          Defendants' Objection: Relevance. Form. OBJECTION SUSTAINED AS TO RELEVANCE.

Page 289: 10-20          Defendants' Objection: Relevance. Rule 403.  Grimes is not a damage witness for plaintiff. OBJECTION SUSTAINED. PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGED BY POTENTIAL FOR PREJUDICE.

Page 293:3-5          Defendants' Objection: Non-responsive.  OBJECTION SUSTAINED. THIS GROUND HAS BEEN COVERED MANY TIMES. FURTHER, THE QUESTION IS ANSWERED WHEN THE WITNESS STATES HE DOES NOT REMEMBER.

Page 293:8-294:5   Defendants' Objection: Leading. Form. SUSTAINED.

Page 294:22-196:17          Defendants' Objections: Asked and Answered; leading; Mischaracterizes the prior testimony.  Foundation.  294: 22 – OBJECTION OVERRULED AS THE OBJECTOR DOES NOT CITE TO ANY SPECIFIC PAGE AND LINE IN REFERENCE TO HIS "ASK AND ANSWERED" OBJECTION.  295: 7-12 OBJECTION SUSTAINED. THE QUESTION IS LEADING. 295:14-24 OBJECTION IS SUSTAINED. THE QUESTION IS LEADING. 296:2-4 OBJECTION IS SUSTAINED. THE QUESTION IS LEADING.
Page 296:22-297:4    OBJECTION IS SUSTAINED IN PART.  THAT PORTION OF THE QUESTION WHICH READS "AS YOU SAID TO MR. BOWMAN" IS STRICKEN.THE REMAINDER OF THE QUESTION AND ANSWER WILL STAND. THE "ASKED AND

ANSWERED" OBJECTION DOES NOT REFERENCE THE PRIOR TESTIMONY UPON
WHICH IT IS BASED AND IS, THEREFORE, OVERRULED.

Page 297:23-298:18          OBJECTION IS OVERRULED.


Dated: April 3, 2017

**SO ORDERED**                         **ENTER:**

                                       **RONALD A. GUZMÁN**
                                       **District Judge**