IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEON PATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 14 cv 3658 |
| | ) |
| CITY OF CHICAGO, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT OFFICERS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the defendants, ANTHONY VILLARDITA, THOMAS JOHNSON, RICK ABREU, TERRY O'CONNOR BRIAN KILLACKY, SEAN GLINSKI AND MICHAEL BERTI, (collectively "Defendant Officers"), by and through their attorneys, and for their Rule 50 Motion for Judgment As A Matter of Law, state as follows:

1. Federal Rule of Civil Procedure 50(a) states:

    If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

    (A) resolve the issue against the party; and
    (B) grant a motion for judgement as a matter of law, against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2. The question the Court faces is "whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from the evidence is sufficient to find in favor of the plaintiff." *Hall v. Forest River, Inc.*, 536 F.3d 615, 619 (7th Cir.2008).

3. Plaintiff has six claims against the Defendant Officers: (1) Count I 42 U.S.C. § 1983,

1

Violation of the Fifth and Fourteenth Amendments; 2) Count II 42 U.S.C. § 1983, Violation of Due Process-Fabrication of Evidence, Subsequently Used at Trial; 3) Claim IV 42 U.S.C. § 1983, Failure to Intervene; 4) Claim V 42 U.S.C. § 1983, Conspiracy; 5) Claim VI State Law Malicious Prosecution; and 6) Claim VII State Law Conspiracy.

4. Plaintiff has failed to produce evidence that satisfies the burden of proving by a preponderance of the evidence each element of his *prima facie* case for any of the above mentioned claims.

5. No reasonable jury could find a sufficient evidentiary basis that the Defendant Officers violated Plaintiff's right under the Fifth and Fourteenth Amendments by allegedly compelling Plaintiff to falsely incriminate himself as being involved in the planning and execution of Jeffrey Lassister and Sharon Haugabook on November 16, 1992. Plaintiff testified that at his motion to suppress hearing during his criminal proceedings, he was asked by the judge whether he had made the statements attributed to him in his handwritten confession and Plaintiff admitted it was "in summary" what he had relayed to the Defendants Assistant State's Attorney ("ASA") Magats and Terry O'Connor. Tr. at 1866:14-1867:9. Simply put, Plaintiff's admission that the statements in his handwritten confession are indeed *his* statements is enough to grant judgement in favor of the Defendant Officers.

6. Plaintiff's fabrication of evidence claim also fails as he has failed to set forth sufficient evidence to meet any of the prima facie elements of a fabrication claim. First, to the extent that Plaintiff's fabrication claim is based on his own statement, ASA Magats testified that he was the one that physically handwrote Plaintiff's statement based on his conversation with the Plaintiff and that the contents of the statement came from the Plaintiff himself. Tr. at 2864:15-2865:16. Second,

2

there is no evidence to support Plaintiff's claim that any Defendant Officer fabricated any police reports or that any such allegedly fabricated report was used against Plaintiff at his criminal trial. Based on the evidence adduced during the Plaintiff's case, a reasonable jury would not have a legally sufficient evidentiary basis to find that a Defendant Officer fabricated evidence.

7. For the reasons mentioned above Plaintiff's failure to intervene claim and § 1983 and state law conspiracy claims fail.

8. In addition, with respect to Plaintiff's state law malicious prosecution claim, Plaintiff has failed to establish that the Defendant Officers lacked probable cause as the evidence shows that the Defendant Officers had an honest belief that Plaintiff was involved in the homicides that occurred on November 16, 1992. Moreover, Plaintiff failed to set forth any evidence that the Defendant Officers acted with malice. *Turner v. City of Chicago*, 91 Ill.App. 3d 931 (1st Dist. 1980)

9. Moreover, Plaintiff's repeated and intentional fabrications at trial in this matter are alone sufficient to warrant this Court to enter judgment in favor of Defendant Officers. For example, Plaintiff testified at his deposition that he had *never spoken* to Lemuel Hardy, an individual that Plaintiff accused of committing the Lassister/Haugabook murders in a verified petition filed in state court, about his criminal case; however, at trial, Plaintiff changed his story and relayed that he had spoken to Lemuel Hardy about his case while they were incarcerated together at a prison facility about his case. In fact, Plaintiff testified at trial in this matter that he told Lemuel Hardy "that the lawyers just wanted to speak to him because Mixon was saying that he had something to do with it, and if he didn't, he should probably talk to them and tell them that." Tr. at 1992:12-1994:4.

10. Similarly, Plaintiff testified on direct examination that he did not own a gun. However, during his cross examination, Plaintiff admitted that he and his friend had taken a gun from a person,

3

that there was a gun hidden in the neighborhood where he spent most of his time in the Fall of 1992 for his use and that he may have brought a gun on the street. Tr. at 1748:16-1754:15. As such, Plaintiff's intentional lies, of which there are many, is a sufficient basis on which to enter judgment in favor of the Defendant Officers.

11. A district court has inherent power to sanction a party who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397 (7th Cir. 2015); *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir.2009); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991); *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 758–59 (7th Cir.2005). The Court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43. Under these powers, courts can impose sanctions including entering judgment and shifting attorney's fees. *See id.* at 44–45.

12. Courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct. *See Secrease v. Western & Southern Life Ins. Co.* 800 F.3d 397, 402 (7th Cir. 2015); *Greviskes*, 417 F.3d at 759. Thus, acts of dishonesty are particularly appropriate candidates for dismissal as a sanction. "'[P]erjury strikes at the heart of the integrity of the judicial system....'" *United States v. Stokes*, 211 F.3d 1039, 1046 (7th Cir.2000). It "undermines the function and province of the law and threatens the integrity of judgments." *United States v. Alvarez*, 132 S.Ct. 2537, 2540, 183 L.Ed.2d 574 (2012). Given Plaintiff's fabrications at this trial, this Court should enter judgment in favor of the Defendant Officers.

4

WHEREFORE, this Court should enter judgment as a matter of law for Defendant Officers and against Plaintiff and for whatever additional relief this Court deems just.

Respectfully submitted,

BORKAN & SCAHILL, LTD.

By: Misha Itchhaporia
    Misha Itchhaporia

BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030