UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

APR 12 2017

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

Deon Patrick                         )

                                 )

                 Plaintiff,      )     No. 14 C 3658

                         )

          v.                  )     Judge Ronald A. Guzman

                         )

City of Chicago, et al.         )

                         )

            Defendant     )

## JURY INSTRUCTIONS – GIVEN

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The Plaintiff in this case is Deon Patrick. I will refer to him as the Plaintiff.

The Defendants in this case are current or former Chicago Police Officers Rick Abreu, Michael Berti, Sean Glinski, Brian Killacky, Terry O'Connor, Thomas Johnson, and Anthony Villardita and current or former Cook County Assistant State's Attorneys Martin Fogarty and Joseph Magats. I will refer to them as the Defendants.

I will refer in these instructions to Defendants Abreu, Berti, Glinski, Killacky, O'Connor, Johnson, and Villardita as the Officer Defendants.

I will refer in these instructions to Defendants Magats and Fogarty as the Assistant State's Attorneys (ASA) Defendants.

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain exhibits received into evidence have been marked over to redact portions of the documents that are not relevant to the issues you are to consider. The fact that these documents have been redacted should play no part in your deliberations.

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by the Plaintiff and by the Defendants before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the said whom I may caution or warn during the trial.

You have heard witnesses who have given opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witnesses' qualifications, and all of the other evidence in this case

Certain diagrams, sketches, and charts have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You must give separate consideration to each claim and each party in this case. Although there are nine Defendants, it does not follow that if one is liable, any of the others is also liable.

Plaintiff must prove by a preponderance of the evidence that each of the Defendants were personally involved in the conduct that Plaintiff complains about. You may not hold one of the Defendants liable for what other individuals did or did not do, unless you find that Defendant participated in or intentionally aided or abetted the other individual committing the act complained of.

As to Plaintiff's claims, not every injury inflicted by an official is a deprivation of a person's rights. If an injury results because of an accident, or because an individual was negligent, or if the injury occurred through reasonable conduct of the official, no deprivation of rights has occurred.

In other words, you must find that a Defendant intentionally caused the injury to Plaintiff and not because of mistake, accident or other innocent reason.

During the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You have heard evidence that individuals have been convicted of prior crimes. You may consider this evidence in deciding whether that individual's testimony is truthful in whole, in part, or not at all.

In order to decide the claims in this case, you need not decide whether the Plaintiff actually committed the acts he was accused of in the criminal charges against him. The question of whether the Plaintiff is actually guilty or innocent of committing the acts described in the criminal charges against him may only be considered by you as one of the many factors you may consider in determining whether his rights were violated as he alleges.

Plaintiff brings the following claims:

First, Plaintiff claims that Defendants Villardita, Johnson, Abreu, O'Connor, Killacky, and Magats violated his constitutional right against self-incrimination by coercing him to confess;

Second, Plaintiff claims that all Defendants violated his constitutional right to due process by fabricating evidence against him;

Third, Plaintiff claims that the Officer Defendants failed to intervene to prevent these violations of his constitutional rights.

Fourth, Plaintiff claims that all Defendants conspired among themselves to deprive him of the aforementioned constitutional rights.

Fifth, Plaintiff claims that all the Defendants maliciously prosecuted him in violation of Illinois law.

Sixth, Plaintiff claims that all Defendants conspired among themselves to maliciously prosecute him in violation of Illinois law.

Defendants deny each and every one of these claims.

I shall now discuss each of these claims in turn.

## FIFTH AND FOURTEENTH AMENDMENTS: CLAIM FOR VIOLATION OF PLAINTIFF'S RIGHT AGAINST COMPELLED SELF-INCRIMINATION

Plaintiff claims that Defendants Villardita, Johnson, Abreu, O'Connor, Killacky, and Magats violated his constitutional right against self-incrimination by coercing him to confess.

To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

1.    That the Plaintiff made incriminating statements;

2.    That such incriminating statements were not made by the Plaintiff voluntarily but rather were made involuntarily as a result of improper coercion by the Defendant you are considering;

3.    The incriminating statements were used against the Plaintiff during his criminal case;

4.    These acts proximately caused damages to the Plaintiff.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.

A confession is voluntary if, in the totality of circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice. Specific methods of interrogation are not in and of themselves prohibited unless if taken together with the totality of circumstances they result in overcoming a person's free will and ability to make a rational choice.

## FABRICATION OF EVIDENCE

Plaintiff claims that all the Defendants violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution by fabricating evidence against him. To succeed on this claim against any of the Defendants, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

1. The Defendant you are considering knowingly fabricated false evidence or participated in fabricating false evidence;

2. That evidence was used to deprive Plaintiff of his liberty in some way;

3. The fabricated evidence proximately caused Plaintiff to be damaged.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.

## FAILURE TO INTERVENE

Plaintiff claims that each of the Officer Defendants failed to intervene to prevent the violation of his constitutional rights.

To succeed on this claim against any of these Officer Defendants, Plaintiff must prove each of the following propositions as to that Officer Defendant by a preponderance of the evidence.

1.    One of more of the Officer Defendants unconstitutionally coerced the Plaintiff into providing a self-incriminating statement, or fabricated evidence against the Plaintiff;

2.    The Officer Defendant you are considering knew that another Officer Defendant was about to unconstitutionally coerce the Plaintiff into providing a self- incriminating statement or fabricate evidence against the Plaintiff;

3.    That Officer Defendant had a realistic opportunity to do something to prevent harm from occurring;

4.    That Officer Defendant failed to take reasonable steps to prevent harm from occurring;

5.    That Officer Defendant's failure to act proximately caused Plaintiff to suffer harm.

If you find that Plaintiff has proven these propositions as to the Officer Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Officer Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Officer Defendant you are considering, then you should find for that Officer Defendant and not consider the question of damages as to that Officer Defendant on this claim.

# FEDERAL CONSPIRACY

Plaintiff claims that all of the Defendants in this case conspired with each other to coerce his confession and to fabricate evidence that was used to deprive him of liberty, in violation of federal law.

*Conspiracy Defined.* A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. Once the agreement between those persons is reached, one of them must also commit an action in furtherance of the conspiracy; that is, he must take positive steps to accomplish their goal.

An express agreement amongst conspirators is not necessary; the participants must simply share the same general conspiratorial objective. Direct proof of such an agreement, however, is rarely available since conspiracies are by their very nature secretive. Therefore, you may infer the existence of a conspiracy through the combination of common sense and the evidence before you.

## Elements that Must be Proven

To succeed on his conspiracy claim against any Defendant, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

1. The conspiracy, as it has just been described, exists. That is, two or more of the Defendants formed an agreement to:

      (a) coerce Plaintiff's confession; or

      (b) fabricate evidence that was intended to deprive plaintiff of his liberty

2. Two or more Defendants shared this common purpose. Plaintiff does not have to prove however, (i) that each participant knew all the details of the plan or (ii) that each participant knew the extent of others' involvement in the plan.

3. The Defendants in this case (at least two, but possibly more) knowingly became members of the conspiracy with the intention to carry out their shared goal.

4. At least one of the conspirators committed an overt act to achieve the goal.

5. Plaintiff suffered harm as a proximate result.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.

## MALICIOUS PROSECUTION

Plaintiff claims that all Defendants in this case maliciously prosecuted him. To succeed on this claim, he must prove each of the following propositions by a preponderance of the evidence:

1. The Defendant you are considering filed criminal charges against Plaintiff or took an active part in causing those charges to be filed;

2. The Defendant you are considering lacked probable cause for doing so;

3. That same Defendant acted with malice;

4. The criminal proceeding against Plaintiff was ultimately terminated in a manner indicative of his innocence.

5. Plaintiff suffered harm as a proximate result.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.

Probable cause is defined as a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged. Importantly, the inquiry focuses on the state of mind of the individual defendant and the facts known to him at the time – not the actual facts of the case or the guilt or innocence of the accused. The existence of probable cause in a case evolves, and the relevant time frame for determining whether probable cause existed is the moment when the Defendant you are considering ceased taking an active part in causing those charges to be filed

Neither the fact that Plaintiff was convicted, nor the fact that his conviction was subsequently vacated, means by itself that the Defendants had or lacked probable cause.

A Defendant accused of malicious prosecution acts with malice when he files charges, or takes an active part in causing charges to be filed, for some purpose other than bringing the accused to justice. Malice may be inferred from a lack of probable cause if the circumstances surrounding the prosecution suggest that the Defendant acted in bad faith or with an unlawful motive.

## STATE LAW CONSPIRACY

Plaintiff claims that all of the Defendants in this case conspired with each other to maliciously prosecution him in violation of state law.

*Conspiracy Defined.* A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. Once the agreement between those persons is reached, one of them must also commit an action in furtherance of the conspiracy; that is, he must take positive steps to accomplish their goal.

An express agreement amongst conspirators is not necessary; the participants must simply share the same general conspiratorial objective. Direct proof of such an agreement, however, is rarely available since conspiracies are by their very nature secretive. Therefore, you may infer the existence of a conspiracy through the combination of common sense and the evidence before you.

### Elements that Must be Proven

To succeed on his conspiracy claim against any Defendant, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

2. The conspiracy, as it has just been described, exists. That is, two or more of the Defendants formed an agreement to:

      (a) maliciously prosecute Plaintiff.

2. Two or more Defendants shared this common purpose. Plaintiff does not have to prove however, (i) that each participant knew all the details of the plan or (ii) that each participant knew the extent of others' involvement in the plan.

3. The Defendants in this case (at least two, but possibly more) knowingly became members of the conspiracy with the intention to carry out their shared goal.

4. At least one of the conspirators committed an overt act to achieve the goal.

5. Plaintiff suffered harm as a proximate result.

If you find that Plaintiff has proven these propositions as to the Defendant you are considering, then you should find in favor of Plaintiff on this claim and against that Defendant and go on to consider the question of damages

If, on the other hand, you find that Plaintiff has failed to prove any of these propositions by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant and not consider the question of damages as to that Defendant on this claim.

Plaintiff was charged with the offenses of first degree murder, armed robbery and home invasion in his criminal case.

A person commits the offense of first degree murder when he, or one for whose conduct he is legally responsible, kills an individual.

A person commits the offense of armed robbery when he or a person for whom he is legally responsible, while carrying on or about his person, or while otherwise armed with a dangerous weapon, takes property from the person or presence of another by the use of force.

A person commits the offense of home invasion when he or a person for whom he is legally responsible, without authority, knowingly enters the dwelling place of another when he knows or has reason to know that one or more persons is present, and while armed with a dangerous weapon he uses force on any person within the dwelling place.

A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, he knowingly solicits, aid, abets, agrees to aid or attempts to aid the other person in the planning or commission of the offense.

If you decide for a Defendant on the question of liability on each of the claims against that Defendant, then you should not consider the question of damages as to that Defendant.

If you find that Plaintiff has proved his claims against one or more of the Defendants, then you must determine what amount of damages, if any, plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove all his claims, then you will not consider the question of damages.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against one or more of the Defendants. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against one or more of the Defendants. You may assess punitive damages against a Defendant only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.