IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEON PATRICK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 14 cv 3658 |
| | ) |
| **CITY OF CHICAGO, ANTHONY VILLARDITA, THOMAS JOHNSON, RICK ABREU, TERRY O'CONNOR, BRIAN KILLACKY, SEAN GLINSKI, MICHAEL BERTI, UNIDENTIFIED EMPLOYEES OF THE CITY OF CHICAGO, COUNTY OF COOK, ILLINOIS, MARTIN FOGARTY, JOSEPH MAGATS, and UNIDENTIFIED EMPLOYEES of the COOK COUNTY STATE'S ATTORNEY OFFICE,** | ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MOTION TO STAY JUDGMENT ENFORCEMENT
PROCEEDINGS PURSUANT TO FED. R. CIV. P. 62(B) AND QUASH CITATIONS**

NOW COME Defendants, ANTHONY VILLARDITA, THOMAS JOHNSON, RICK ABREU, TERRY O'CONNOR, SEAN GLINSKI and MICHAEL BERTI (collectively referred to as the "Moving Defendants"), by and through their attorneys, Steven B. Borkan, Timothy P. Scahill and Misha Itchhaporia, of BORKAN & SCAHILL, LTD., and move this Court to stay execution of any judgment and any proceedings to enforce any judgment pursuant to Fed. R. Civ. P. 62(b) and quash citations. In support thereof, Defendants state as follows:

1. As this Court is obviously well-aware, subsequent to the jury trial in this case, Plaintiff and the Moving Defendants both filed Post-Trial Motions.

2. These Post-Trial Motions include:

1

- The Moving Defendants Rule 50 Motion for Judgment as a Matter of Law. *See* Dckt. No. 403.

- The Moving Defendants Rule 59 Motion for a New Trial. *See* Dckt. No. 403.

- The Moving Defendants Motion for Judgment based on, among other things, Rule 60(b)(3) arising from Plaintiff's repeated commission of perjury during pre-trial discovery. *See* Dckt. No. 405.

- Plaintiff's Rule 59 Motion for a New Trial. *See* Dckt. Nos. 408-409.

3. These motions are fully briefed and await ruling by this Court.

4. In the event any party's motion(s) are granted in this matter (in whole or in part), such ruling would render any judgment in this case non-final pursuant to Fed. R. Civ. P. 54 and, thus, not subject to execution or enforcement proceedings. *See* Fed. R. Civ. P. 54(b).

5. Nonetheless, apparently assuming that this Court will deny all Post-Trial motions (including his own), Plaintiff recently sent citations to discover assets to the Moving Defendants' counsel purporting to compel them individually into this Court for the purposes of conducting a Citation to Discover Assets (and attaching a rider requesting various documents relating to assets to be produced at such time). *See* Ex. A.

6. Pursuant to Fed. R. Civ. P. 62(b), a Court "may stay the execution of a judgment-or any proceedings to enforce it-pending disposition of" motions "under Rule 50, for judgment as a matter of law," "under Rule 59, for a new trial or to alter or amend a judgment," or "under Rule 60, for relief from a judgment or order." *See* Fed. R. Civ. P. 62(b).

7. While entering a stay would be prudent under all circumstances given the procedural posture of this case, entering a stay pending resolution of the parties' Post-Trial Motions is *uniquely*

*appropriate* in this case. In addition to the fact that opposing parties seek post-trial relief which would render any judgment not subject to execution or enforcement, the parties' Post-Trial Motions also pose a highly unusual circumstance where these same opposing parties agree that the verdict rendered in this case was, at minimum, fatally inconsistent as a matter of law.

8. Moreover, even were it assumed that all parties' Post-Trial Motions were to be denied by this Court, there is a strong likelihood that an appeal will be taken, at minimum, by the Moving Defendants (and, if Plaintiff's Post-Trial Motion is any indication, perhaps by Plaintiff as well). At that point, additional bases for staying execution and enforcement proceedings would be available as well. *See* Fed. R. Civ. P. 62(d); Fed. R. App. Proc. 8.

9. Accordingly, this Court should enter an order staying the execution of the underlying judgment and any proceedings to enforce it pursuant to Fed. R. Civ. P. 62(b) and quash the citations purportedly served by Plaintiff on the Moving Defendants' counsel.

WHEREFORE Defendants, ANTHONY VILLARDITA, THOMAS JOHNSON, RICK ABREU, TERRY O'CONNOR, SEAN GLINSKI AND MICHAEL BERTI, pray this Court grant the stay requested above pursuant to Fed. R. Civ. P. 62(b), quash Plaintiff's Citations to Discover Assets, and for any other relief deemed fit by this Court.

    Respectfully submitted,

    BORKAN & SCAHILL, LTD.

BORKAN & SCAHILL, LTD.      By: /s/ Timothy P. Scahill
Two First National Plaza      Timothy P. Scahill
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
(312) 580-1030